**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
---------------------------------------------------------x
                                                :
In re                                           :    Chapter 11
                                                :
Dana Corporation, et al.,                       :    Case No. 06-10354 (BRL)
                                                :
                    Debtors.                    :    (Jointly Administered)
                                                :
---------------------------------------------------------x
```

## INTERIM ORDER ESTABLISHING NOTICE AND HEARING PROCEDURES FOR TRADING IN CLAIMS AND EQUITY SECURITIES

This matter coming before the Court on the Motion of Debtors and Debtors in Possession for Interim and Final Orders Establishing Notice and Hearing Procedures for Trading in Claims and Equity Securities (the "Motion"),[1] filed by the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"); the Court having reviewed the Motion and the Affidavit of Michael J. Burns filed in support of the Debtors' first day papers (the "Affidavit") and the objections filed thereto and having considered the statements of counsel and evidence adduced with respect to the Motion at a preliminary hearing before the Court (the "Hearing"); the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (c) notice of the Motion and the Hearing was sufficient under the circumstances and (d) in light of the circumstances, the requirements of Local Bankruptcy Rule 9013-1(b) that a separate memorandum of law be filed in support of the Motion is waived; and the Court having determined that the legal and factual bases set forth in the Motion and the Affidavit and at the Hearing establish just cause for the relief granted herein;

---

[1] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED in part, and the Trading Procedures set forth herein are approved, on an interim basis.

2. Any purchase, sale or other transfer of equity securities in Dana in violation of the Trading Procedures set forth herein (including the notice requirements set forth in Paragraphs 3(a) and 3(b) below) shall be null and void and shall confer no rights on the transferee.

3. The following Trading Procedures shall apply in the Debtors' chapter 11 cases:

    (a) <u>Procedure for Trading in Equity Securities</u>

        (i) <u>Certain Defined Terms</u>. For purposes of this Interim Order: (A) a "<u>Substantial Equityholder</u>" is any person or entity that beneficially owns at least 6,843,978 shares (representing approximately 4.5% of the 152,088,404 issued and outstanding shares) of the common stock of Dana; (B) "<u>beneficial ownership</u>" of equity securities shall be determined in accordance with applicable rules under section 382 of the IRC and regulations promulgated thereunder and, to the extent provided therein, shall include direct and indirect ownership (<u>e.g.</u>, a holding company would be considered to beneficially own all shares owned or acquired by its subsidiaries), ownership by such holder's family members and persons acting in concert with such holder to make a coordinated acquisition of stock and ownership of shares that such holder has an option to acquire; and (C) an "<u>option</u>" to acquire stock includes any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

        (ii) <u>Notice of Substantial Equityholder Status</u>. Any person or entity who currently is or becomes a Substantial Equityholder shall file with the Court, and serve upon the Debtors at 4500 Dorr Street, Toledo, Ohio 43615 (Attn: Marc S. Levin, Esq. & Chris Czarka) and counsel to the Debtors, Jones Day, at 1420 Peachtree Street, N.E., Suite 800, Atlanta, Georgia 30309 (Attn: Jeffrey B. Ellman, Esq.) and at North Point, 901 Lakeside Avenue, Cleveland, Ohio 44114 (Attn: Heather Lennox, Esq.), a notice of such status, in the

form attached to the Motion as Exhibit A (a "Notice of Substantial Equityholder Status"), on or before the later of (A) 20 days after entry of this Interim Order, for Substantial Equityholders as of entry of this Interim Order; (B) 20 days after entry of the Final Order, for persons or entities who become Substantial Equityholders after entry of this Interim Order but before 11 days after entry of the Final Order; or (C) ten days after becoming a Substantial Equityholder.

(iii) Stock Accumulation Notice. Prior to any transfer of equity securities (including options to acquire stock) that would result in an increase in the amount of common stock of Dana beneficially owned by a Substantial Equityholder or would result in a person or entity becoming a Substantial Equityholder, such Substantial Equityholder or potential Substantial Equityholder shall file with the Court, and serve on the Debtors and counsel to the Debtors (at the addresses set forth in paragraph 3(a)(ii) above), advance written notice of the intended transfer of equity securities, in the form attached to the Motion as Exhibit B (a "Stock Accumulation Notice").

(iv) Stock Disposition Notice. Prior to any transfer of equity securities (including options to acquire stock) that would result in a decrease in the amount of common stock of Dana beneficially owned by a Substantial Equityholder or would result in a person or entity ceasing to be a Substantial Equityholder, such Substantial Equityholder shall file with the Court, and serve on the Debtors and counsel to the Debtors (at the addresses set forth in paragraph 3(a)(ii) above), advance written notice of the intended transfer of equity securities, in the form attached to the Motion as Exhibit C (a "Stock Disposition Notice").

(v) Objection Procedures. The Debtors shall have 30 days after receipt of an Accumulation Notice or a Disposition Notice (each, a "Transfer Notice") to file with the Court and serve on the party filing the Transfer Notice an objection to the proposed transfer on the grounds that such transfer may adversely affect the Debtors' ability to utilize their NOLs or other tax attributes. If the Debtors file an objection, the proposed transaction will not be effective unless approved by a final and nonappealable order of this Court. If the Debtors do not object within such 30-day period, the transaction may proceed solely as set forth in the Transfer Notice. Further transactions within the scope of this paragraph must comply with the same noticing and 30-day objection procedures.

(b) Procedure for or Trading in Claims

(i) Certain Defined Terms. For purposes of this Interim Order: (A) a "Substantial Claimholder" is any individual or entity that beneficially owns (1) an aggregate principal amount of claims against the Debtors equal to or exceeding $101,250,000.00, which represents a preliminary estimate of 4.5% of the Debtors' general unsecured claims that may receive equity under the plan of reorganization or (2) a lease or leases under which one or more of the Debtors are lessees and pursuant to which payments of $101,250,000.00 or more, in the aggregate, are or will become due; (B) "beneficial ownership" of claims shall be determined in accordance with applicable rules under section 382 of the IRC and regulations promulgated thereunder and, to the extent provided therein, shall include direct and indirect ownership (e.g., a holding company would be considered to beneficially own all claims owned or acquired by its subsidiaries), ownership by family members and any group of persons acting pursuant to a formal or informal understanding to make a coordinated acquisition of claims, and ownership of claims that such holder has an option to acquire; (C) an "option" to acquire claims includes any contingent purchase, put, contract to acquire a claim(s) or similar interest, regardless of whether it is contingent or otherwise not currently exercisable; and (D) a "claim" shall have the meaning ascribed to that term in section 101(5) of the Bankruptcy Code and includes without limitation a lessor's right to any current or future payment under or arising out of any lease with respect to which any Debtor is a lessee; however, the claim covered herein is limited to the portion of the claim that is unsecured.

(ii) Notice of Substantial Claimholder Status. Except as provided in subparagraph (v) below, any person or entity who currently is or potentially may become a Substantial Claimholder before the entry of a Final Order in respect of the Motion shall file with the Court (at the holder's election, in a redacted form that does not include such holder's taxpayer identification number and the aggregate principal amount of claims that such holder beneficially owns), and serve upon the Debtors and Debtors' counsel (at the addresses set forth in paragraph 3(a)(ii) above), an unredacted notice of such status, in the form attached to the Motion as Exhibit D (a "Notice of Substantial Claimholder Status"), on or before the later of (A) 10 days after the date of publication of this Interim Order, for Substantial Claimholders as of entry of this Interim Order; (B) 20 days after entry of the Final Order, for persons or entities who become Substantial Claimholders after entry of this Interim Order but before 11 days after entry of the Final Order; or (C) ten days after becoming a Substantial Claimholder. Except to the

extent necessary to respond to a Proposed Claims Acquisition Transaction (as defined in the Motion), or to the extent that the information contained therein already is publicly available, the Debtors and Debtors' counsel shall keep all such notices strictly confidential and shall not disclose the contents thereof to any person or entity; provided, however, that the Debtors may disclose the contents thereof to their professional financial or tax advisors and the professional financial or tax advisors to any appointed statutory committee(s) in these cases (each, a "Committee"), who shall themselves keep all such notices strictly confidential and shall not disclose the contents thereof to any other person or entity, including a member of the Committee, subject to further Court order; and provided further, however, that, to the extent confidential information is ever necessary to demonstrate to the Court the need for the issuance of a Sell Down Notice (as defined in the Motion), such confidential information (determined by, among other things, whether such information was redacted in any public filing) shall be filed under seal.

(iii) Applicable Authority. For the avoidance of doubt, section 382 of the IRC, the Treasury Regulations promulgated thereunder and all relevant IRS and judicial authority shall apply in determining whether the claims of several persons and/or entities must be aggregated when testing for Substantial Claimholder status.

4. Following entry of this Interim Order, the Debtors shall publish a notice in substantially the form attached to the Motion as Exhibit G as modified by the provisions of this Interim Order (the "Trading Procedures Notice") in the Bloomberg newswire service and in the national edition of the Wall Street Journal to send the Notice to: (a) the office of the United States Trustee for the Southern District of New York (the "U.S. Trustee"); (b) counsel to the Agent for the Debtors' prepetition secured bank lenders and the proposed postpetition lenders; (c) counsel to any Committee(s) appointed in these cases; (d) all known potential creditors and shareholders of record (if possible, sent to those parties with the notice of the commencement of these cases); (e) counsel for the program agent for the Debtors' prepetition accounts receivable securitization facility; (f) the transfer agents or indenture trustees for any class of common stock

or any bonds, notes or debentures of the Debtors; and (g) all parties who file notices of transfers of claims under Bankruptcy Rule 3001(e)(i).

5. Upon receipt of the Trading Procedures Notice, any indenture trustee(s) or transfer agent(s) for any bonds, notes or debentures of the Debtors or any stock of Dana are hereby required, on at least a quarterly basis, to send such Trading Procedures Notice to all holders of such bonds, notes, debentures or stock registered with such indenture trustee or transfer agent. Any such registered holder must, in turn, promptly provide such Trading Procedures Notice to any holder for whose account such registered holder holds such bonds, notes, debentures or stock, and so on down the chain of ownership.

6. The notice to be filed by a Substantial Claimholder until such time as a Final Order is entered in respect of the Motion is attached hereto as Exhibit A.

7. The requirements set forth in this Interim Order are in addition to the requirements of Bankruptcy Rule 3001(e) and applicable securities, corporate and other laws, and do not excuse compliance therewith.

8. Any of the Debtors may waive in writing any and all restrictions, stays and notification procedures contained in this Interim Order.

9. A Final Hearing on the Motion shall be held on March 29, 2006, at 10:00 a.m., Eastern Time. This Interim Order shall remain effective until a Final Order is entered in connection with such Final Hearing unless otherwise ordered by the Court. This Interim Order may be made permanent at the Final Hearing.

10. Upon entry of any Final Order at the Final Hearing, the Debtors shall not be required to serve a copy of such Final Order on all creditors and shareholders but shall be required to serve a copy of such final order on all other parties served with the Trading Procedures Notice.

11. Nothing in this Interim Order shall be construed as a waiver of the need of any member of an official committee appointed in these cases to obtain a claims trading order from this Court.

Dated: __March 6, 2006__
       New York, New York

          /s/ Burton R. Lifland
UNITED STATES BANKRUPTCY JUDGE

# **EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
:
In re                                       :     Chapter 11
                                            :
Dana Corporation, *et al.,*                 :     Case No. 06-10354 (BRL)
                                            :
                    Debtors.                :     (Jointly Administered)
                                            :
------------------------------------------------------------x

## NOTICE OF SUBSTANTIAL CLAIMHOLDER STATUS

PLEASE TAKE NOTICE OF THE FOLLOWING:

1. [Name of Claimholder] is/has become a Substantial Claimholder with respect to claims against [Name of Debtor], which is one of the above-captioned debtors and debtors in possession (collectively, the "Debtors") in Case No. 06-10354 (BRL), pending in the United States Bankruptcy Court for the Southern District of New York (the "Court")[1]

2. [As of [_____, 2006], [Name of Claimholder] beneficially owns claims in the aggregate principal amount of $[_____] against the Debtors. The following table sets forth the name of the applicable Debtor and a description of the claim(s) held:]

---

[1] For purposes of this Notice: (A) a "Substantial Claimholder" is any individual or entity that beneficially owns (1) an aggregate principal amount of claims against the Debtors equal to or exceeding $101,250,000.00, which represents a preliminary estimate of 4.5% of the Debtors' general unsecured claims that may receive equity under a plan of reorganization or (2) a lease or leases under which one or more of the Debtors are lessees and pursuant to which payments of $101,250,000.00 or more, in the aggregate, are or will become due; (B) "beneficial ownership" of claims shall be determined in accordance with applicable rules under section 382 of the Internal Revenue Code of 1986, as amended, and regulations promulgated thereunder and, to the extent provided therein, shall include direct and indirect ownership (*e.g.,* a holding company would be considered to beneficially own all claims owned or acquired by its subsidiaries), ownership by family members and any group of persons acting pursuant to a formal or informal understanding to make a coordinated acquisition of claims, and ownership of claims that such holder has an option to acquire; (C) an "option" to acquire claims includes any contingent purchase, put, contract to acquire a claim(s) or similar interest, regardless of whether it is contingent or otherwise not currently exercisable; and (D) a "claim" shall have the meaning given to that term in section 101(5) of chapter 11 of title 11 of the United States Code, and includes without limitation a lessor's right to any current or future payment under or arising out of any lease with respect to which any Debtor is a lessee; however, the "claim" covered herein is limited to the portion of the claim that is unsecured.

| Debtor Issuer | Description of the Claim(s) Held |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |

(Attach additional page if necessary)

**OR** [As of _____ ___, 2006, [Name of Claimholder] enters into positions in claims of the Debtors in its capacity as a broker-dealer or market maker and could, in the course of such activities, own or acquire claims in excess of $100 million.]

3. The taxpayer identification number of [Name of Claimholder] is _____.

4. Under penalties of perjury, [Name of Claimholder] hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments that purport to be part of this Notice are true, correct and complete.

5. Pursuant to that certain Interim Order Establishing Notice and Hearing Procedures for Trading in Claims and Equity Securities, this Notice is being (a) filed with the Court and (b) served upon (i) the Debtors, at 4500 Dorr Street, Toledo, Ohio 43615 (Attn: Marc S. Levin, Esq. and Chris Czarka); and (ii) counsel to Dana, Jones Day, at 1420 Peachtree Street, N.E., Suite 800, Atlanta, Georgia 30309 (Attn: Jeffrey B. Ellman, Esq.) and at North Point, 901 Lakeside Avenue, Cleveland, Ohio 44114 (Attn: Heather Lennox, Esq.).

6. This Notice is given in addition to, and not as a substitute for, any requisite notice under Rule 3001(e) of the Federal Rules of Bankruptcy Procedure.

7. By filing this notice, a claimholder does not waive its rights to object to the relief requested in the Motion before the entry of a Final Order.

Respectfully submitted,

_____
(Name of Claimholder)

By: _____
      Name:_____
      Title:_____
Address: _____
           _____
           _____

Telephone: _____
Facsimile: _____

Date: _____