**Presentment Date and Time: September 7, 2006 at 12:00 noon**
**Objection Deadline: September 1, 2006 at 4:00 p.m.**

JONES DAY
222 East 41st Street
New York, New York  10017
Telephone:  (212) 326-3939
Facsimile:  (212) 755-7306
Corinne Ball (CB 8203)
Richard H. Engman (RE 7861)

JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212
Heather Lennox (HL 3046)
Carl E. Black (CB 4803)
Ryan T. Routh (RR 1994)

JONES DAY
1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia  30309-3053
Telephone:  (404) 521-3939
Facsimile:  (404) 581-8330
Jeffrey B. Ellman (JE 5638)

Attorneys for Debtors
  and Debtors in Possession

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------x
                                          :
In re                                     :   Chapter 11
                                          :
Dana Corporation, et al.,                 :   Case No. 06-10354 (BRL)
                                          :
                    Debtors.              :   (Jointly Administered)
                                          :
------------------------------------------------------------x
```

## NOTICE OF PRESENTMENT OF ORDER, PURSUANT TO SECTIONS 327(e) AND 329(a) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 2014(a) AND 2016(b) AND LOCAL BANKRUPTCY RULE 2014-1, AUTHORIZING DANA TO RETAIN AND EMPLOY SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP AND AFFILIATES <u>AS SPECIAL COUNSEL, NUNC PRO TUNC AS OF THE PETITION DATE</u>

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1.      Upon the Application of Dana Corporation, Pursuant to Sections 327(e)
and 329(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016(b) and Local
Bankruptcy Rule 2014-1, for Order Authorizing Dana to Retain and Employ Skadden, Arps,
Slate, Meagher & Flom LLP and Affiliates as Special Counsel, <u>Nunc</u> <u>Pro</u> <u>Tunc</u> as of the Petition
Date (the "<u>Application</u>"), filed by Dana Corporation, one of the above-captioned debtors and
debtors in possession (collectively, the "<u>Debtors</u>"), a proposed order approving the Application,
substantially in the form attached to the Application (the "<u>Proposed Order</u>") shall be presented to
the Honorable Burton R. Lifland, United States Bankruptcy Judge, in Room 623 of the United
States Bankruptcy Court, Alexander Hamilton Custom House, One Bowling Green, New York,
New York 10004, for signature on September 7, 2006 at 12:00 noon (New York time).

2.      Objections, if any, to the relief sought in the Application must be made in
writing, with a hard copy to chambers; conform to the Federal Rules of Bankruptcy Procedure
and the Local Rules for the United States Bankruptcy Court Southern District of New York; and
be filed with the Bankruptcy Court and served in accordance with the Amended Administrative
Order, Pursuant to Rule 1015(c) of the Federal Rules of Bankruptcy Procedure, Establishing
Case Management and Scheduling Procedures in these cases (Docket No. 574) (the "<u>Case</u>
<u>Management Order</u>") so as to be actually received by the parties on the Special Service List and
the General Service List not later than 4:00 p.m. (New York time) on September 1, 2006 (the
"<u>Objection Deadline</u>").

3.      If no objections are timely filed and served with respect to the
Application, the Court may enter the Proposed Order with no further notice or opportunity to be
heard offered to any party.

4.      Copies of the Application, the Proposed Order, the Case Management Order, the Special Service List and the General Service List may be obtained on from the Court's website http://www.ecf.nysb.uscourts.gov or, without charge, at the website of the Debtors' claims and noticing agent at http://www.dana.bmcgroup.com.

Dated:  August 22, 2006                       Respectfully submitted,
        New York, New York

                                              /s/ Corinne Ball
                                              Corinne Ball (CB 8203)
                                              Richard H. Engman (RE 7861)
                                              JONES DAY
                                              222 East 41st Street
                                              New York, New York  10017
                                              Telephone:  (212) 326-3939
                                              Facsimile:  (212) 755-7306

                                              Heather Lennox (HL 3046)
                                              Carl E. Black (CB 4803)
                                              Ryan T. Routh (RR 1994)
                                              JONES DAY
                                              North Point
                                              901 Lakeside Avenue
                                              Cleveland, Ohio  44114
                                              Telephone:  (216) 586-3939
                                              Facsimile:  (216) 579-0212

                                              Jeffrey B. Ellman (JE 5638)
                                              JONES DAY
                                              1420 Peachtree Street, N.E.
                                              Suite 800
                                              Atlanta, Georgia  30309-3053
                                              Telephone:  (404) 521-3939
                                              Facsimile:  (404) 581-8330

                                              ATTORNEYS FOR DEBTORS AND
                                              DEBTORS IN POSSESSION

**Presentment Date and Time:  September 7, 2006 at 12:00 noon
Objection Deadline:  September 1, 2006 at 4:00 p.m.**

JONES DAY
222 East 41st Street
New York, New York  10017
Telephone:  (212) 326-3939
Facsimile:  (212) 755-7306
Corinne Ball (CB 8203)
Richard H. Engman (RE 7861)

JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212
Heather Lennox (HL 3046)
Carl E. Black (CB 4803)
Ryan T. Routh (RR 1994)

JONES DAY
1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia  30309-3053
Telephone:  (404) 521-3939
Facsimile:  (404) 581-8330
Jeffrey B. Ellman (JE 5638)

Attorneys for Debtors
  and Debtors in Possession

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                              :
In re                                         :    Chapter 11
                                              :
Dana Corporation, *et al.,*                   :    Case No. 06-10354 (BRL)
                                              :
                              Debtors.        :    (Jointly Administered)
                                              :
------------------------------------------------------------x

**APPLICATION OF DANA CORPORATION,
PURSUANT TO SECTIONS 327(e) AND 329(a) OF THE
BANKRUPTCY CODE, BANKRUPTCY RULES 2014(a) AND
2016(b) AND LOCAL BANKRUPTCY RULE 2014-1, FOR ORDER
AUTHORIZING DANA TO RETAIN AND EMPLOY SKADDEN,
ARPS, SLATE, MEAGHER & FLOM LLP AND AFFILIATES AS
SPECIAL COUNSEL, *NUNC PRO TUNC* AS OF THE PETITION DATE**

TO THE HONORABLE
UNITED STATES BANKRUPTCY JUDGE:

Dana Corporation ("Dana") respectfully represents as follows:

**Background**

1.      On March 3, 2006 (the "Petition Date"), Dana and 40 of its domestic

direct and indirect subsidiaries, debtors and debtors in possession (collectively, the "Debtors"),

filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the

"Bankruptcy Code").  By an order entered on the Petition Date, the Debtors' chapter 11 cases

have been consolidated for procedural purposes only and are being administered jointly.  The

Debtors are authorized to continue to operate their businesses and manage their properties as

debtors in possession, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.      On March 10, 2006, the Office of the United States Trustee for the

Southern District of New York appointed an official committee of unsecured creditors, pursuant

to section 1102 of the Bankruptcy Code.

3.      Debtor Dakota New York Corp. ("Dakota") is a New York corporation.

Debtor Dana is the direct or indirect parent of Dakota and each of the other Debtors.  Dana

maintains its corporate headquarters in Toledo, Ohio.  The Debtors and their nondebtor affiliates

(collectively, the "Dana Companies") have over 100 leased and owned domestic business

locations and have operations in approximately 25 states, as well as in Mexico, Canada,

11 countries in Europe and 14 countries elsewhere in the world.

-2-

4.      The Dana Companies are leading suppliers of modules, systems and components for original equipment manufacturers and service customers in the light, commercial and off-highway vehicle markets.  The products manufactured and supplied by the Dana Companies are used in cars; vans; sport-utility vehicles; light, medium and heavy trucks; and a wide range of off-highway vehicles.

5.      As disclosed in Dana's Form 10-Q filed on April 27, 2006, for the year ended December 31, 2005, the Dana Companies recorded revenue of approximately $8.7 billion and had assets of approximately $7.4 billion and liabilities totaling $6.8 billion.  As of the Petition Date, the Dana Companies had approximately 44,000 employees.

### Jurisdiction

6.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Relief Requested

7.      On March 6, 2006, the Court entered an order (Docket No. 76) (the "OCP Order") authorizing the Debtors to retain certain "ordinary course professionals," including Skadden, Arps, Slate, Meagher & Flom LLP,[1] without the need for formal retention applications. In such capacity, Skadden Arps has been providing legal advice and services to Dana since the Petition Date.  Because the scope of Skadden Arps' work will be more significant than originally anticipated by Dana, Dana now seeks to convert Skadden Arps' retention to that of special counsel under section 327(e) of the Bankruptcy Code.  See OCP Order at ¶ 7 ("[T]he Debtors

---

[1]      Skadden, Arps, Slate, Meagher & Flom LLP and its affiliated law practice entities are referred to herein collectively as "Skadden Arps" or the "Firm."

shall separately retain any Ordinary Course Professional or Service Provider that becomes materially involved in the administration of these cases, pursuant to section 327 of the Bankruptcy Code.").

8.      Accordingly, pursuant to sections 327(e) and 329(a) of the Bankruptcy Code, Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Bankruptcy Rule 2014-1, Dana hereby seeks the entry of an order authorizing it to retain and employ Skadden, Arps, Slate, Meagher & Flom LLP and its affiliated law practice entities (collectively, "Skadden Arps" or the "Firm") as special counsel in these chapter 11 cases, nunc pro tunc as of the Petition Date.  In support of this Application, Dana submits the Declaration of D. J. Baker, a partner of Skadden Arps (the "Baker Declaration"), a copy of which is attached hereto as Exhibit A.

## Basis for Relief Requested

9.      Under section 327(e) of the Bankruptcy Code, a debtor in possession "may employ, for a specified special purpose, other than to represent the [debtor in possession] in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed."  11 U.S.C. § 327(e).

10.      As required by Bankruptcy Rule 2014(a) and Local Bankruptcy Rule 2014-1,[2] this Application and the Baker Declaration set forth:  (a) the specific facts showing

---

[2]      Bankruptcy Rule 2014(a) provides that an application seeking the employment of professional persons pursuant to section 327 of the Bankruptcy Code:

> shall state the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and

(continued. . .)

CLI-1442208v1

the necessity for Skadden Arps' employment; (b) the reasons for Dana's selection of Skadden

Arps as special counsel; (c) the professional services to be provided by Skadden Arps; (d) the

arrangement between Dana and Skadden Arps with respect to Skadden Arps' compensation (as

well as the reasonableness thereof); and (e) to the best of Skadden Arps' knowledge, the extent

of Skadden Arps' connections, if any, to certain parties in interest in these matters.

### *Skadden Arps' Qualifications*

11.    In 1994, Skadden Arps began to represent Dana Corporation in connection

with employee benefit and executive compensation matters.  In these areas, Skadden Arps has

advised Dana with respect to, among other things, issues under Section 162(m) of the Internal

Revenue Code and performance-based compensation; SEC Section 16 reporting requirements;

proxy rules and disclosure of executive compensation; current reporting requirements on Form 8-

K; and terms and conditions of executive compensation arrangements (including employment

agreements, plan documents and separation agreements).  Skadden Arps also has provided

advice to Dana with respect to the impact of Section 409A of the Internal Revenue Code on

employee benefit and compensation plans, including review and analysis of nonqualified

deferred compensation plans, equity awards and separation from service issues.

---

(. . . continued)

accountants, the United States trustee, or any person employed in the office of
the United States trustee.  The application shall be accompanied by a verified
statement of the person to be employed setting forth the person's connections
with the debtor, creditors, any other party in interest, their respective attorneys
and accountants, the United States trustee, or any person employed in the office
of the United States trustee.

Local Bankruptcy Rule 2014-1 further provides that "[a]n application for the employment of a professional
person pursuant to §§ 327 and 328 of the Bankruptcy Code shall state the specific facts showing the
reasonableness of the terms and conditions of the employment, including the terms of any retainer, hourly
fee, or contingent fee arrangement."

12.     Beginning in 1995, Skadden Arps began to provide Dana with occasional advice regarding compliance with the regulation of political activities.

13.     In 2003, Skadden Arps was retained by the Committee of Independent Directors of the Board of Directors of Dana Corporation (the "Independent Committee") to advise the Independent Committee with respect to certain proposed or anticipated transactions. Skadden Arps since has provided advice to both the Independent Committee and Dana with respect to various corporate matters, including corporate governance matters.

14.     In September 2005, Skadden Arps was retained by the Audit Committee of the Board of Directors of Dana Corporation (the "Audit Committee") after Dana announced on September 15, 2005 that it likely would restate its second-quarter 2005 financial statements. Skadden Arps' work for the Audit Committee has included, among other services, a comprehensive investigation and analysis of various accounting-related matters.

15.     Under the direction of the Audit Committee and the independent directors of Dana, Skadden Arps, with the assistance of accounting experts, conducted a comprehensive independent investigation and analysis of various accounting-related matters at the company. The independent investigation included interviews with nearly one hundred present and former Dana employees.  As a result of the independent investigation, and Dana management's investigation, Dana determined that it would restate its consolidated financial statements for the first and second quarters of 2005 and for years 2002 through 2004.

16.     In connection with its retention by the Audit Committee, Skadden Arps also has advised, and continues to advise, the Audit Committee and the independent directors in connection with an investigation by the United States Securities and Exchange Commission ("SEC") and other matters.  Among other things, Skadden has responded on behalf of Dana to

-6-

information requests made by the SEC.  On each of March 26, 2006 and May 22, 2006, Dana

was issued a subpoena by the Staff of the Enforcement Division of the SEC requesting

production of documents.  Skadden Arps has assisted in responding on behalf of Dana to the

subpoenas.

17.    Further, Skadden Arps has advised the independent directors of Dana in

connection with demands made by Dana shareholders upon the Dana directors to bring various

lawsuits and take corrective actions relating to the company's restatement of earnings and other

matters.   The engagement of Skadden Arps by Dana Corporation and its Audit Committee is

memorialized in an engagement letter (the "Engagement Letter"), dated as of June 2, 2006, a

copy of which is attached as Exhibit 1 to the Baker Declaration.

18.    In addition to advising Dana Corporation (including its independent

directors and Audit Committee) on the matters described herein, Skadden Arps has advised, and

continues to advise, the independent directors of Dana as individual directors in connection with

the following shareholder derivative and class action lawsuits filed against the directors in the

United States District Court for the Northern District of Ohio (the "Actions"), which assert

allegations relating to the restatement of the company's earnings:  Traute Weidman v. Michael

Burns, et al., No. 05-CV-7464 (filed December 8, 2005); Qun James Wang v. Benjamin F.

Bailar, et al., No. 06-CV-7038 (filed January 31, 2006); Mark Federle, v. Michael J. Burns, et al.,

No. 06-CV-7044 (filed February 28, 2006); Roberta Casden v. Michael J. Burns, et al., No. 06-

CV-7068 (filed March 2, 2006); and Steven Staehr v. Michael J. Burns, et al., No. 06-CV-7096

(filed March 2, 2006).  Skadden Arps does not represent Dana Corporation with respect to these Actions.[3]

19.     Due to Skadden Arps' prior work on behalf of Dana and the Firm's experience and knowledge in the fields of corporate and securities litigation and employee benefits and executive compensation, as set forth more fully in the Baker Declaration, Dana believes that Skadden Arps is well qualified to act on Dana's behalf with respect to the matters for which Skadden Arps is to be retained, as described below.

**_Services to Be Provided by Skadden Arps_**

20.     The employment of Skadden Arps as Dana's special counsel, pursuant to the terms of this Application and the Engagement Letter, is appropriate and necessary to enable Dana to execute faithfully its duties as a debtor and debtor in possession and to implement a successful restructuring and reorganization of its business operations and financial affairs.  Dana anticipates that Skadden Arps will perform, among other services, the following legal services for Dana during these chapter 11 cases:

(a)     advise the Audit Committee and independent directors of Dana in connection with matters relating to the independent investigation and the restatement of the company's earnings, including responding on behalf of the company to information requests and subpoenas issued by the SEC and other federal and state agencies; and

(b)     advise Dana with respect to employee benefit and executive compensation matters, including with respect to compliance with Section 409A of the Internal Revenue Code.

---

[3]     Because Skadden Arps is not representing Dana Corporation in the Actions – but rather is representing the independent directors as individuals – the Debtors are not seeking by this Application to retain Skadden Arps in connection with this representation.  The Debtors expect that Skadden Arps' fees and expenses in connection with its representation of the independent directors in the Actions will be paid by the issuer of the Debtors' directors and officers insurance coverage.

21.     Dana requires knowledgeable counsel to render these essential

professional services.  As noted above and in the Baker Declaration, Skadden Arps has

substantial expertise in all of these areas.  Moreover, Skadden Arps has obtained valuable

institutional knowledge of Dana's business and financial affairs as a result of its representation of

Dana prior to the Petition Date.  Accordingly, Dana respectfully submits that Skadden Arps is

well qualified to perform these services and represent Dana's interests in its chapter 11 case.

22.     The Debtors previously have filed applications to retain (a) Jones Day as

bankruptcy counsel; (b) Hunton & Williams LLP ("H&W") as special corporate and litigation

counsel; (c) Katten Muchin & Rosenman LLP ("Katten"), as special securities and litigation

counsel; and (d) Dorsey & Whitney LLP ("Dorsey"), as special international counsel.  Because

of their respective well-defined roles as counsel to the Debtors, Skadden Arps, Jones Day, H&W,

Katten and Dorsey will not duplicate the services they provide to the Debtors.[4]  Skadden Arps,

Jones Day, H&W, Katten and Dorsey will function cohesively to ensure that legal services

provided to the Debtors by each firm are not duplicative.  Moreover, at all stages of these

chapter 11 proceedings, Dana's legal department will supervise the various legal professionals

retained by the Debtors to further ensure that no firm duplicates the services provided by another.

### *Professional Compensation*

23.     Skadden Arps has informed Dana that for professional services, Skadden

Arps' fees are based on its guideline hourly rates, which are periodically adjusted.  Based upon

---

[4]     Jones Day will provide general legal services to the Debtors as needed throughout the course of these
chapter 11 cases.  H&W, which currently serves as the Debtors' primary outside corporate counsel, will
provide such services as are described in the Debtors' application to retain H&W.  Katten will provide legal
services related to the Debtors' outstanding securities and any new securities issued in connection with a
plan of reorganization, as well as providing some assistance on securities litigation matters.  Dorsey will
provide legal services related to the Debtors' international business operations.

CLI-1442208v1

the Engagement Agreement, Skadden Arps and Dana have agreed that Skadden Arps' bundled

rate structure will apply to these cases and, therefore, Skadden Arps will not be seeking to be

separately compensated for certain staff, clerical and resource charges for which the Firm

previously charged.

24.    Dana understands that, presently, the hourly rates under the Firm's

bundled rate structure range from $585 to $835 for partners and of counsel, $560 to $640 for

counsel and special counsel, $295 to $540 for associates, and $90 to $230 for legal assistants and

support staff, and that the hourly rates set forth above are subject to periodic increases in the

normal course of the Firm's business, often due to the increased experience of a particular

professional.  Skadden Arps has informed Dana that the Firm will seek compensation for the

services of each professional and paraprofessional acting on behalf of Dana in these cases at the

then-current bundled rate charged for such services on a non-bankruptcy matter.

25.    Dana has agreed that consistent with the Firm's policy with respect to its

other clients, Skadden Arps will continue to charge Dana for all other services provided and for

other charges and disbursements incurred in the rendition of such services.  These charges and

disbursements include, among other things, costs for telephone charges, photocopying, travel,

business meals, computerized research, messengers, couriers, postage, witness fees and other

fees related to trials and hearings.

26.    Skadden Arps has agreed that during the course of these cases, the Firm

will apply to the Court for allowance of compensation for professional services rendered and

reimbursement of expenses incurred in these chapter 11 cases in accordance with the applicable

provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the

United States Trustee Fee Guidelines, and any orders entered in these cases governing

CLI-1442208v1

professional compensation and reimbursement for services rendered and charges and

disbursements incurred.  Such applications will constitute a request for interim payment against

the Firm's reasonable fees to be determined at the conclusion of these cases.

27.    Skadden Arps has informed Dana that the Firm will accept as

compensation such sums as may be allowed by the Court on the basis of the professional time

spent, the rates charged for such services, the necessity of such services to the administration of

the estates, the reasonableness of the time within which the services were performed in relation

to the results achieved, and the complexity, importance and nature of the problems, issues or

tasks addressed in these cases.

28.    Additionally, Skadden Arps has informed Dana that the Firm will also

seek compensation for all time and expenses associated with its retention as a section 327(e)

professional, including the preparation of this Application, the Baker Declaration and related

documents, as well as any monthly fee statements and/or interim and final fee applications.

29.    Other than as set forth above and in the Baker Declaration, no

arrangement is proposed between Dana and Skadden Arps for compensation to be paid in these

cases.

30.    Skadden Arps has informed Dana that except for sharing arrangements

among Skadden Arps and its respective members, Skadden Arps has no agreement with any

other entity to share any compensation received, nor will any be made, except as permitted under

section 504(b)(1) of the Bankruptcy Code.

## *Disclosure Concerning Connections*

31.    The Baker Declaration discloses Skadden Arps' connections to the Debtors

and parties in interest in these cases and is incorporated herein by reference.  In reliance on the

Baker Declaration, and except as set forth therein, Dana believes that Skadden Arps does not represent or hold any interest adverse to the Debtors or their estates with respect to the matters on which Skadden Arps is to be employed.

## Memorandum of Law

32.     This Application includes citations to the applicable authorities and does not raise any novel issues of law.  Accordingly, Dana respectfully requests that the Court waive the requirement contained in Local Bankruptcy Rule 9013-1(b) that a separate memorandum of law be submitted.

## Notice

33.     Pursuant to the Amended Administrative Order, Pursuant to Rule 1015(c) of the Federal Rules of Bankruptcy Procedure, Establishing Case Management and Scheduling Procedures (Docket No. 574) (the "Case Management Order"), entered on March 23, 2006, notice of this Application has been given to the parties identified on the Special Service List and the General Service List (as such terms are defined in the Case Management Order).  Dana submits that no other or further notice need be provided.

## No Prior Request

34.     No prior request for the relief sought in this Application has been made to this or any other Court.

WHEREFORE, Dana respectfully requests that the Court:  (a) enter an order substantially in the form attached hereto as Exhibit B, granting the relief requested herein; and (b) grant such other and further relief to Dana as the Court may deem proper.

Dated:   August 22, 2006
         New York, New York

Filed by:

s/ Corinne Ball
Corinne Ball (CB 8203)
Richard H. Engman (RE 7861)
JONES DAY
222 East 41st Street
New York, New York  10017
Telephone:  (212) 326-3939
Facsimile:  (212) 755-7306

 - and -

Heather Lennox (HL 3046)
Carl E. Black (CB 4803)
Ryan T. Routh (RR 1994)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212

 - and -

Jeffrey B. Ellman (JE 5638)
JONES DAY
1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia  30309-3053
Telephone:  (404) 521-3939
Facsimile:  (404) 581-8330

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

Respectfully submitted,

Dana Corporation, et al.
Debtors and Debtors in Possession

s/ Michael L. DeBacker
Michael L. DeBacker, Esq.
Vice President, General Counsel & Secretary
Dana Corporation

-13-

CLI-1442208v1

**EXHIBIT A**

**Baker Declaration**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
                                            :
In re:                                      :    Chapter 11
                                            :
Dana Corporation, *et al.*,                 :    Case No. 06-10354 (BRL)
                                            :
                        Debtors.            :    (Jointly Administered)
                                            :
-------------------------------------------------------------x

DECLARATION OF D. J. BAKER IN SUPPORT OF
APPLICATION OF DANA CORPORATION, PURSUANT TO SECTIONS
327(e) AND 329(a) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES
2014(a) AND 2016(b) AND LOCAL BANKRUPTCY RULE 2014-1, FOR
ORDER AUTHORIZING DANA TO RETAIN AND EMPLOY SKADDEN,
ARPS, SLATE, MEAGHER & FLOM LLP AND AFFILIATES AS
SPECIAL COUNSEL, *NUNC PRO TUNC* AS OF THE PETITION DATE

     I, D. J. Baker, hereby declare under penalty of perjury that, to the best of my

knowledge and belief, and after reasonable inquiry, the following is true and correct:

     1.     I am a member of the firm of Skadden, Arps, Slate, Meagher & Flom LLP

("Skadden Arps" or the "Firm"), which maintains offices for the practice of law at, among other

places, Four Times Square, New York, New York 10036. I am admitted, practicing and a

member in good standing of the bar of the State of New York and the United States District

Court for the Southern District of New York. I submit this Declaration pursuant to 11 U.S.C.

§§ 327 and 329 and Fed. R. Bankr. P. 2014 and 2016 in support of the Application of Dana

Corporation, Pursuant to Sections 327(e) and 329(a) of the Bankruptcy Code, Bankruptcy Rules

2014(a) and 2016(b) and Local Bankruptcy Rule 2014-1, for Order Authorizing Dana to Retain

and Employ Skadden, Arps, Slate, Meagher & Flom LLP and Affiliates as Special Counsel,

*Nunc Pro Tunc* as of the Petition Date (the "Application"), filed contemporaneously herewith by

Dana Corporation ("Dana"), a debtor and debtor in possession in the above-captioned chapter 11

cases.[1]  Except as otherwise indicated herein, I have personal knowledge of the matters set forth

herein and, if called as a witness, would testify competently thereto.[2]

## QUALIFICATION OF PROFESSIONALS

2.      In 1994, Skadden Arps began to represent Dana Corporation in connection

with employee benefit and executive compensation matters.  In these areas, Skadden Arps has

advised Dana with respect to, among other things, issues under Section 162(m) of the Internal

Revenue Code and performance-based compensation; SEC Section 16 reporting requirements;

proxy rules and disclosure of executive compensation; current reporting requirements on Form 8-

K; and terms and conditions of executive compensation arrangements (including employment

agreements, plan documents and separation agreements).  Skadden Arps also has provided

advice to Dana with respect to the impact of Section 409A of the Internal Revenue Code on

employee benefit and compensation plans, including review and analysis of nonqualified

deferred compensation plans, equity awards and separation from service issues.

3.      Beginning in 1995, Skadden Arps began to provide Dana with occasional

advice regarding compliance with the regulation of political activities.

---

[1]    On March 6, 2006, the Court entered an order (Docket No. 76) (the "OCP Order") authorizing Dana and 40 of its domestic direct and indirect subsidiaries, debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), to retain certain "ordinary course professionals," including Skadden Arps, without the need for formal retention applications.  In such capacity, Skadden Arps has been providing legal advice and services to Dana since the Petition Date.  Because the scope of Skadden Arps' work will be more significant than originally anticipated by Dana, Dana now seeks to convert Skadden Arps' retention to that of special counsel under section 327(e) of the Bankruptcy Code.  *See* OCP Order at ¶ 7 ("[T]he Debtors shall separately retain any Ordinary Course Professional or Service Provider that becomes materially involved in the administration of these cases, pursuant to section 327 of the Bankruptcy Code.").

[2]    Certain of the disclosures herein relate to matters within the knowledge of other attorneys at Skadden Arps, and are based on information provided by them.

4.      In 2003, Skadden Arps was retained by the Committee of Independent Directors of the Board of Directors of Dana Corporation (the "Independent Committee") to advise the Independent Committee with respect to certain proposed or anticipated transactions. Skadden Arps since has provided advice to both the Independent Committee and Dana with respect to various corporate matters, including corporate governance matters.

5.      In September 2005, Skadden Arps was retained by the Audit Committee of the Board of Directors of Dana Corporation (the "Audit Committee") after Dana announced on September 15, 2005 that it likely would restate its second-quarter 2005 financial statements. Skadden Arps' work for the Audit Committee has included, among other services, a comprehensive investigation and analysis of various accounting-related matters.

6.      Under the direction of the Audit Committee and the independent directors of Dana, Skadden Arps, with the assistance of accounting experts, conducted a comprehensive independent investigation and analysis of various accounting-related matters at the company. The independent investigation included interviews with nearly one hundred present and former Dana employees.  As a result of the independent investigation, and Dana management's investigation, Dana determined that it would restate its consolidated financial statements for the first and second quarters of 2005 and for years 2002 through 2004.

7.      In connection with its retention by the Audit Committee, Skadden Arps also has advised, and continues to advise, the Audit Committee and the independent directors in connection with an investigation by the United States Securities and Exchange Commission ("SEC") and other matters.  Among other things, Skadden has responded on behalf of Dana to information requests made by the SEC.  On each of March 26, 2006 and May 22, 2006, Dana was issued a subpoena by the Staff of the Enforcement Division of the SEC requesting

3

production of documents. Skadden Arps has assisted in responding on behalf of Dana to the subpoenas.

8.      Further, Skadden Arps has advised the independent directors of Dana in connection with demands made by Dana shareholders upon the Dana directors to bring various lawsuits and take corrective actions relating to the company's restatement of earnings and other matters. The engagement of Skadden Arps by Dana Corporation and its Audit Committee is memorialized in an engagement letter (the "Engagement Letter"), dated as of June 2, 2006, a copy of which is attached hereto as Exhibit 1.

9.      In addition to advising Dana Corporation (including its independent directors and Audit Committee) on the matters described herein, Skadden Arps has advised, and continues to advise, the independent directors of Dana as individual directors in connection with the following shareholder derivative and class action lawsuits filed against the directors in the United States District Court for the Northern District of Ohio (the "Actions"), which assert allegations relating to the restatement of the company's earnings: Traute Weidman v. Michael Burns, et al., No. 05-CV-7464 (filed December 8, 2005); Qun James Wang v. Benjamin F. Bailar, et al., No. 06-CV-7038 (filed January 31, 2006); Mark Federle, v. Michael J. Burns, et al., No. 06-CV-7044 (filed February 28, 2006); Roberta Casden v. Michael J. Burns, et al., No. 06-CV-7068 (filed March 2, 2006); and Steven Staehr v. Michael J. Burns, et al., No. 06-CV-7096 (filed March 2, 2006).[3] Skadden Arps has no reason to believe that there is any conflict between the interests of the independent directors of Dana in their capacities as individual defendants in

---

[3]      Because Skadden Arps is not representing Dana Corporation in the Actions – but rather is representing the independent directors as individuals – Skadden Arps is not seeking to be retained for this representation pursuant to the Application. Dana has advised Skadden Arps that it expects that Skadden Arps' fees and expenses in connection with its representation of the independent directors in the Actions will be paid by the issuer of the Debtors' directors and officers insurance coverage.

the Actions and the interests of Dana with respect to the various matters in which Dana is

represented by Skadden Arps.

10.    Skadden Arps has assembled a highly qualified, dedicated team of

professionals and paraprofessionals to provide services to Dana during these cases. I am a

member of the Firm's corporate restructuring department and have over 30 years of experience in

complex reorganization cases, including lead Debtor representations in cases such as American

Pad & Paper, Circle K, The Delaco Company, FoxMeyer, GenTek, Inc., Global Marine, Graham

Field Health Products, MCorp., Safety-Kleen Corp., Sterling Chemicals Holdings, Inc. and

Winn-Dixie Stores, Inc. Additionally, I have been recognized in many professional publications

as one of the outstanding restructuring attorneys in the United States.

11.    Roger S. Aaron and I will coordinate Skadden Arps' representation of

Dana in these cases. Mr. Aaron is the senior partner in charge of all of Skadden Arps' corporate

practice areas. These include mergers and acquisitions, banking and institutional investing,

acquisition finance, corporate finance, private equity, tax, employee benefits, investment

companies and corporate restructurings and reorganizations. Mr. Aaron has represented many of

the largest U.S. and non-U.S. based companies in recent years in connection with significant

transactions and other extraordinary matters. Among such clients are: Abbott Laboratories,

Alcatel, Allied Domecq, Aventis, Biogen, Inc., Celanese AG, Immunex, International Flavors &

Fragrances, Mobil Oil Corporation, Mylan Laboratories Inc., Owens Corning Corporation, U.S.

Steel Corporation and Valeant Pharmaceuticals.

12.    Due to Skadden Arps' prior work on behalf of Dana and the Firm's

experience and knowledge in the fields of corporate and securities litigation and employee

benefits and executive compensation, Skadden Arps believes that it is well qualified to act on

Dana's behalf with respect to the matters for which Skadden Arps is to be retained, as described below.

## SERVICES TO BE RENDERED

13.    Dana has requested that Skadden Arps render the following services during these chapter 11 cases:

(a)    advise the Audit Committee and independent directors of Dana in connection with matters relating to the independent investigation and the restatement of the company's earnings, including responding on behalf of the company to information requests and subpoenas issued by the SEC and other federal and state agencies; and

(b)    advise Dana with respect to employee benefit and executive compensation matters, including with respect to compliance with Section 409A of the Internal Revenue Code.

14.    Subject to this Court's approval of the Application, Skadden Arps is willing to serve as Dana's counsel and to perform the services described above.

## CONNECTIONS OF SKADDEN ARPS

15.    Except as otherwise set forth herein, and to the best of my knowledge and belief, insofar as I have been able to ascertain after reasonable inquiry, the members, counsel and associates of Skadden Arps (a) do not have any connection with the Debtors, the Debtors' creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee or any person employed in the office of the United States Trustee; and (b) do not represent or hold any interest adverse to the Debtors or to the Debtors' estates with respect to matters for which Skadden Arps is to be employed.

16.    Skadden Arps has in the past represented, currently represents and in the future likely will represent certain creditors of the Debtors and other parties in interest in these chapter 11 cases in matters unrelated (except as otherwise noted) to the Debtors, the Debtors'

reorganization cases or such entities' claims against or interests in the Debtors.  Of the Debtors'

(a) domestic and foreign nondebtor affiliates, (b) current and former officers and directors,

(c) officers' and directors' significant business affiliations, (d) primary secured lenders,

(e) significant former secured lenders, (f) nondebtor affiliate lenders, (g) depository and

disbursement banks, (h) issuers of letters or lines of credit, (i) issuers of surety bonds,

(j) guarantors, (k) other significant secured parties, (l) substantial noteholders, (m) largest

unsecured creditors, (n) joint venturer partners, (o) significant lessors, (p) counterparties to swap

agreements, (q) counterparties to collective bargaining agreements, (r) counterparties to material

license agreements and permits, (s) counterparties to other significant contracts, (t) purchasers of

accounts receivable, (u) obligors under significant notes payable to the Debtors, (v) significant

customers, (w) significant shareholders, (x) significant litigation parties, (y) significant insurers,

and (z) attorneys and other professionals identified for employment in these chapter 11 cases (all

persons and entities in categories (a)-(z), the "Interested Parties"),[4] Skadden Arps currently

represents or has represented within the past three years the following entities (or in some cases

their affiliates, as indicated):

      17.    <u>Nondebtor Affiliates</u>.  Skadden Arps does not represent and has not

previously represented any of the Debtors' domestic or foreign nondebtor affiliates.

      18.    <u>Officers and Directors</u>.  The current and former directors and officers of

the Debtors include David E. Berges, Edmund M. Carpenter, Glen H. Hiner and Samir G.

Gibara.  David E. Berges is an executive and director of Hexcel Corporation; Edmund M.

Carpenter is an executive of Barnes Group Inc.; Glen H. Hiner is an outside director of Kohler

Co.; and Samir G. Gibara is an outside director of International Paper Company.  Skadden Arps

---

[4]    A list of the Interested Parties is attached hereto as Exhibit 2.

represents or has represented Hexcel Corporation, Barnes Group Inc., Kohler Co. and

International Paper Company in matters unrelated to the Debtors or their chapter 11 cases.

19.    Richard B. Priory, a director of Dana Corporation, formerly was an

outside director of US Airways Group, Inc.  Skadden Arps formerly jointly represented US

Airways Group, Inc. and its outside directors, including Mr. Priory, in litigation regarding

derivative suits relating to change of control arrangements.  Skadden Arps also formerly

represented US Airways Group, Inc. on a variety of other matters unrelated to the Debtors or

their chapter 11 cases.

20.    <u>Significant Business Affiliations of Officers and Directors</u>.  Skadden Arps

currently represents or has represented the following entities or their affiliates with which the

Debtors' officers and directors have significant business affiliations in matters unrelated to the

Debtors or their chapter 11 cases:  Barnes Group Inc.; an affiliate of BellSouth Corporation;

Deloitte & Touche LLP and affiliates; Duke Energy Corporation; affiliates of General Motors

Europe; Goodyear Tire & Rubber Company and an affiliate; Hexcel Corporation; Honeywell

International Inc.; International Paper Company and an affiliate; Northeast Utilities System;

TELUS Corporation; and Toronto-Dominion Bank and affiliates.

21.    <u>Secured Lenders</u>.  Skadden Arps currently represents or has represented

the following secured lenders or their affiliates in matters unrelated to the Debtors or their

chapter 11 cases:  Bank of America, N.A. and affiliates; Bank of New York; BNP Paribas and

affiliates; affiliates of Citicorp USA, Inc.; Credit Suisse First Boston and affiliates;[5] Deutsche

Bank AG and affiliates; Fifth Third Bank; Goldman Sachs Credit Partners, L.P. and affiliates;

---

[5]    At a prior law firm, a Skadden Arps partner represented Credit Suisse First Boston and another party in
connection with a short-term loan agreement to Dana Corporation, which he believes subsequently was
paid off by Dana.

HSBC Bank USA, N.A. and affiliates; JPMorgan Chase Bank, N.A. and affiliates;[6] an affiliate of

Northern Trust Company; SunTrust Bank; and Wachovia Bank, N.A. and affiliates.

22.    <u>Former Secured Lenders</u>.  Skadden Arps currently represents or has

represented the following former secured lenders or their affiliates in matters unrelated to the

Debtors or their chapter 11 cases:  an affiliate of Comerica Bank; Mizuho Corporate Bank, Ltd.;

and Toronto-Dominion Bank and affiliates.

23.    <u>Nondebtor Affiliate Lenders</u>.  Skadden Arps currently represents or has

represented the following nondebtor affiliate lenders or their affiliates in matters unrelated to the

Debtors or their chapter 11 cases:  Bank of America Securities LLC and affiliates; Deutsche

Bank Securities Inc. and affiliates; Massachusetts Mutual Life Insurance Company and affiliates;

and Metropolitan Life Insurance Company and affiliates.  Further, Hank Barnette and Helene L.

Kaplin, both counsel to Skadden Arps, are directors of Metropolitan Life Insurance Company.

24.    <u>Depository and Disbursement Banks</u>.  Skadden Arps currently represents

or has represented the following depository and disbursement banks or their affiliates in matters

unrelated to the Debtors or their chapter 11 cases:  an affiliate of Comerica Bank; Fifth Third

Bank; Goldman Sachs and affiliates; JPMorgan Chase Bank, N.A. and affiliates; SunTrust Bank;

and Toronto-Dominion Bank and affiliates.

25.    <u>Issuers of Letters or Lines of Credit</u>.  Skadden Arps currently represents or

has represented the following issuers of letters or lines of credit or their affiliates in matters

unrelated to the Debtors or their chapter 11 cases:  Bank of New York; Deutsche Bank AG and

---

[6]    In 2001, Skadden Arps represented The Chase Manhattan Bank ("Chase") in a securitization of trade
receivables for nondebtor affiliate Dana Asset Funding LLC.  Skadden Arps' role in that transaction was
limited to representation of Chase as co-purchaser in the syndication, and the Firm has had no contact with
Chase or Dana Asset Funding LLC on that transaction since early 2002.

affiliates; Fifth Third Bank; HSBC Bank USA, N.A. and affiliates; an affiliate of Northern Trust Company; and SunTrust Bank.

26.   <u>Issuers of Surety Bonds</u>.  Skadden Arps currently represents or has represented the following issuers of surety bonds or their affiliates in matters unrelated to the Debtors or their chapter 11 cases:  affiliates of Hartford Bond; and Travelers Bond and affiliates.

27.   <u>Guarantors</u>.  Skadden Arps currently represents or has represented the following guarantor or its affiliates in matters unrelated to the Debtors or their chapter 11 cases: affiliates of LaSalle Bank, N.A.

28.   <u>Other Significant Secured Parties</u>.  Skadden Arps currently represents or has represented the following significant secured party or its affiliates in matters unrelated to the Debtors or their chapter 11 cases:  General Electric Company and affiliates.

29.   <u>Substantial Noteholders</u>.  Skadden Arps currently represents or has represented the following substantial noteholder or its affiliates in matters unrelated to the Debtors or their chapter 11 cases:  SunAmerica Life Insurance Company and affiliates, which entities are affiliates of noteholders AIG Annuity Insurance Company and The Variable Annuity Life Insurance Company.

30.   <u>Largest Unsecured Creditors</u>.  Skadden Arps currently represents or has represented the following unsecured creditors or their affiliates in matters unrelated to the Debtors or their chapter 11 cases:  Citibank, N.A. and affiliates; Federal Mogul Corporation; Goodyear Tire & Rubber Company and an affiliate; PricewaterhouseCoopers LLP and an affiliate; an affiliate of Robert Bosch Corporation; an affiliate of Sypris Technologies; an affiliate of Thyssenkrupp Precision Forge Inc.; an affiliate of TRW Automotive; UGS Corporation and an affiliate; USX Corporation and an affiliate; and Wilmington Trust Company.

31.    Joint Venture Partners.    Skadden Arps currently represents or has represented the following joint venture partners or their affiliates in matters unrelated to the Debtors or their chapter 11 cases:  an affiliate of Edison Capital Housing Investments; First Chicago Leasing Corporation and affiliates; affiliates of Heller Financial Leasing, Inc.; affiliates of IBM Credit Corporation; an affiliate of Qualex, Inc.; an affiliate of Sempra Energy Services Company; and an affiliate of Volvo Car Corporation.

32.    Significant Lessors.    Skadden Arps currently represents or has represented the following significant lessors or their affiliates in matters unrelated to the Debtors or their chapter 11 cases:  Ameritech Credit Corp. and affiliates; General Electric Capital Corp. and affiliates, which entities are affiliates of lessors GE Canada Asset Financing, Inc. and GE Canada Leasing Services Company; Merrill Lynch Capital and affiliates; and an affiliate of SunTrust Leasing Corporation.

33.    Counterparties to Swap Agreements.    Skadden Arps currently represents or has represented the following counterparties to swap agreements or their affiliates in matters unrelated to the Debtors or their chapter 11 cases:  Citibank, N.A. and affiliates; affiliates of First Union National Bank; HSBC Bank USA, N.A. and affiliates; and Wachovia Bank, N.A. and affiliates.

34.    Counterparties to Collective Bargaining Agreements.    Skadden Arps does not represent and has not previously represented any of the counterparties to collective bargaining agreements.

35.    Counterparties to Material License Agreements and Permits.    Skadden Arps does not represent and has not previously represented any of the counterparties to material license agreements and permits.

11

36.    <u>Counterparties to Other Significant Contracts</u>.  Skadden Arps currently

represents or has represented the following counterparty to a significant contract or its affiliates

in matters unrelated to the Debtors or their chapter 11 cases:  International Business Machines

(IBM) and affiliates.

37.    <u>Purchasers of Accounts Receivable</u>.  Skadden Arps currently represents or

has represented the following purchasers of accounts receivable or their affiliates in matters

unrelated to the Debtors or their chapter 11 cases:  JPMorgan Chase Bank, N.A. and affiliates;

and Wachovia Bank, N.A. and affiliates.

38.    <u>Obligors Under Significant Notes Payable</u>.  Skadden Arps does not

represent and has not previously represented any of the parties with significant notes payable to

the Debtors.

39.    <u>Significant Customers</u>.  Skadden Arps currently represents or has

represented the following significant customers or their affiliates in matters unrelated to the

Debtors or their chapter 11 cases:  AM General Corporation; an affiliate of Caterpillar, Inc.;

DaimlerChrysler AG, which entity is an affiliate of customers Detroit Diesel Corp. and

Freightliner LLC; Ford Motor Company and an affiliate, which entities are affiliates of customer

Ford Motor Company of Canada; General Motors Corporation and affiliates, which entities are

affiliates of customers General Motors de Mexico and General Motors of Canada; an affiliate of

John Deere Commercial Products; an affiliate of Mack Trucks, Inc.; Navistar International

Corporation, which entity is an affiliate of customers IC Corporation and International Truck &

Engine Corp.; an affiliate of PSA Peugeot Citron; Renault; and an affiliate of Volvo Truck.

40.    <u>Significant Shareholders</u>.  Skadden Arps currently represents or has

represented the following significant shareholders or their affiliates in matters unrelated to the

12

Debtors or their chapter 11 cases: Brandes Investment Partners, L.P., which entity is an affiliate

of shareholders Brandes Investment Partners, Inc., Brandes Worldwide Holdings, L.P., Charles

H. Brandes, Glenn R. Carlson and Jeffrey R. Busby; Capital Research and Management

Company; Gabelli Asset Management, Inc. and an affiliate; and Lord, Abbett & Co., Inc.

      41.    <u>Parties to Significant Litigation</u>. Skadden Arps does not represent and has

not previously represented any of the parties to significant litigation with the Debtors.

      42.    Skadden Arps currently represents BHP Billiton Limited and The

Travelers Company as defendants in pending litigation matters in which Dana Corporation is

named as a co-defendant. BHP Billiton Limited and The Travelers Company are not adverse to

Dana Corporation in these proceedings.

      43.    <u>Significant Insurers</u>. Skadden Arps currently represents or has represented

the following insurance providers or their affiliates in matters unrelated to the Debtors or their

chapter 11 cases: affiliates of American International Group (AIG), which entities are affiliates

of insurer National Union Fire Insurance Company of Pittsburgh, PA; an affiliate of Arch

Insurance Group (U.S.) and Arch Specialty Insurance Company; an affiliate of Axis Financial

Insurance Solutions and Axis Reinsurance Company; Liberty Mutual Insurance Company;

affiliates of St. Paul Mercury Insurance Company; The Hartford, which entity is an affiliate of

insurer Twin City Fire Insurance Company; an affiliate of XL Insurance (Bermuda) Ltd. and XL

Specialty Insurance Co. Ltd.; and an affiliate of Zurich American Insurance Co.

      44.    <u>Professionals</u>. Skadden Arps currently represents or has represented the

following professionals or their affiliates in matters unrelated to the Debtors or their chapter 11

cases: Ernst & Young LLP and an affiliate; Katten Muchin Rosenman LLP; and

PricewaterhouseCoopers LLP and an affiliate.

13

45.     Many of the Firm's representations of the above clients consist of

representations in episodic transactional matters.  Skadden Arps' representation of the above

entities will not affect the Firm's representation of Dana in these cases.

46.     <u>Judges and United States Trustee</u>.  I am not related, and to the best of my

knowledge, no attorney at the Firm is related, to any United States District Judge or United

States Bankruptcy Judge in the Southern District of New York or to the United States Trustee for

such district or any employee in the office thereof, except that Adlai S. Hardin III, a Corporate

Restructuring associate employed by Skadden Arps in its New York office, is the son of Judge

Adlai Hardin.

47.     <u>Delphi Corporation Chapter 11 Cases</u>.  Skadden Arps currently is

representing as lead restructuring counsel Delphi Corporation and certain of its subsidiaries and

affiliates (collectively, "Delphi") in connection with their chapter 11 cases currently pending in

the United States Bankruptcy Court for the Southern District of New York, styled <u>In re Delphi</u>

<u>Corporation</u>, Case No. 05-44481 (RDD) (Bank. S.D.N.Y. 2005).  Dana Corporation, which

Skadden Arps believes is both a customer of and supplier to Delphi Corporation, is not

represented by Skadden Arps in the Delphi bankruptcy cases.  Skadden Arps' representation of

Delphi will not affect the Firm's representation of Dana in these cases.

48.     <u>Colfax Litigation</u>.  In August 2004, Skadden Arps received a subpoena

from Dana Corporation in connection with litigation styled <u>Colfax Corp. v. Dana Corp.</u>, Case

No. 2003L-317, then pending in the 17th Judicial Circuit, Winnebago County, Illinois.  The

subpoena requested documents relating to a 1999 transaction in which Skadden Arps represented

Colfax Corporation ("Colfax") in the acquisition of Dana Corporation's Warner Electric

Industrial Products Group and Warner Electric Industrial Motors and Controls Division.  Several

14

years after the transaction, Colfax sued Dana alleging that Dana had misrepresented and

concealed facts relating to certain environmental conditions at two Illinois properties acquired in

the transaction.

49.    Since making documents available for review in October and December

2004, the Firm has had no further involvement in the matter.  Skadden Arps' representation of

Colfax in the 1999 asset sale transaction and the Firm's subsequent response to Dana

Corporation's subpoena is unrelated to, and will not affect, the Firm's representation of Dana in

these cases.

50.    Except as set forth herein, neither Skadden Arps nor any attorney at the

Firm is a creditor, equity security holder or insider of the Debtors, except that Skadden Arps

previously has rendered legal services to Dana for which it partially has been compensated.[7]

Certain Skadden Arps attorneys may own Dana Corporation common stock, either directly or

indirectly.  Also, attorneys of the Firm may hold Dana Corporation common stock in managed

accounts over which they have no control over investment decisions pertaining to holdings in

such accounts.  Pursuant to the internal policy of Skadden Arps, the Debtors have been placed on

the Firm's "restricted list" and no sale or purchase of securities or claims relating to the Debtors

will be authorized or permitted during the pendency of Skadden Arps' retention as Dana's special

counsel in these chapter 11 cases.[8]

---

[7]    As of the filing of these chapter 11 cases, Skadden Arps was owed approximately $400,000 for fees and
disbursements charged in connection with professional services rendered by Skadden Arps to Dana prior to
the commencement of these cases.

[8]    It is Skadden Arps' written Firm policy that (i) Firm personnel are not permitted to purchase any debt or
equity securities of, or claims against, any company which is a debtor in a case under the U.S. Bankruptcy
Code or similar proceeding under state law or the laws of foreign jurisdictions or has publicly announced
that it is contemplating such action; and (ii) if Firm personnel have acquired a debt or equity security of or
a claim against a company prior to a company's filing or contemplation of a chapter 11 case and the Firm
subsequently concludes that the individual's ownership of such a security or claim may interfere with the

(continued. . .)

51.      Skadden Arps is one of the largest law firms in the world and has a diverse

client base. Indeed, for the period beginning April 1, 2005, and ending March 31, 2006, no

single client accounted for more than 3.445% of Skadden Arps' total value of time billed to client

matters for that period. With the exception of Citigroup, Inc., Daimler Chrysler AG, Deloitte

Touche Tohmatsu, Deutsche Bank AG and JP Morgan Chase, no single client referenced in this

Declaration accounted for more than 1% of Skadden Arps' total value of time billed during that

same period.

## PROFESSIONAL COMPENSATION

52.      Pursuant to the Engagement Letter, Skadden Arps provides Dana with

periodic (no less frequently than monthly) statements for services rendered and charges and

disbursements incurred. During the course of the reorganization cases, the issuance of periodic

statements shall constitute a request for an interim payment against the reasonable fees to be

determined at the conclusion of the representation. For professional services, Skadden Arps' fees

are based in part on its guideline hourly rates which are periodically adjusted. Skadden Arps will

be providing professional services to Dana under its standard bundled rate structure and,

therefore, Skadden Arps will not be seeking to be separately compensated for certain staff,

clerical and resource charges. Presently, the hourly rates under the bundled rate structure range

from $585 to $835 for partners and of counsel, $560 to $640 for counsel and special counsel,

$295 to $540 for associates, and $90 to $230 for legal assistants and support staff. The hourly

_____

(. . . continued)
    Firm's retention or compensation in connection with the case, the Firm may require the individual to divest
    the claim or security. If the claim or security to be divested cannot be sold in the market (*e.g.*, because the
    Firm is in possession of material inside information), Firm personnel may be required to divest the claim or
    security without receiving any consideration therefor.

rates set forth above are subject to periodic increases in the normal course of the Firm's business, often due to the increased experience of a particular professional.

53.    Skadden Arps intends to apply to this Court for allowance of compensation for professional services rendered and reimbursement of charges and disbursements incurred in these chapter 11 cases in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules for the Southern District of New York, and the United States Trustee Guidelines. Skadden Arps will seek compensation for the services of each attorney and paraprofessional acting on behalf of Dana in these cases at the then-current bundled rate charged for such services on a non-bankruptcy matter.

54.    The hourly rates set forth above are the Firm's bundled hourly rates for work of this nature. These rates are set at a level designed to compensate Skadden Arps fairly for the work of its attorneys and legal assistants and to cover fixed and routine overhead expenses including those items billed separately to other clients under the Firm's standard unbundled rate structure. Consistent with the Firm's policy with respect to other clients, Skadden Arps will continue to charge Dana for all other services provided and for other charges and disbursements incurred in the rendition of services. These charges and disbursements include, among other things, costs for telephone charges, photocopying (at a reduced rate of $0.10 per page for black and while copies and higher commensurate charges for color copies), travel, business meals, computerized research, messengers, couriers, postage, witness fees, and other fees related to trials and hearings. Charges and disbursements are invoiced pursuant to Skadden Arps' Policy Statement Concerning Charges and Disbursements. (The "Policy Statement Concerning Charges and Disbursements" is attached as Schedule B to the Engagement Letter.)

Certain charges and disbursements are not separately charged for under the bundled rate structure as described in the Engagement Letter.

55.    Skadden Arps has agreed to accept as compensation such sums as may be allowed by this Court on the basis of the professional time spent, the rates charged for such services, the necessity of such services to the administration of the estate, the reasonableness of the time within which the services were performed in relation to the results achieved, and the complexity, importance, and nature of the problems, issues, or tasks addressed in these cases.

56.    Other than as set forth above, no arrangement is proposed between Dana and Skadden Arps for compensation to be paid in these cases.

57.    Except for such sharing arrangements among Skadden, Arps, Slate, Meagher & Flom LLP, its affiliates, and their respective members, Skadden Arps has no agreement with any other entity to share any compensation received, nor will any be made, except as permitted under section 504(b)(1) of the Bankruptcy Code.

58.    Skadden Arps has instituted and is carrying on further inquiries of its partners and associates with respect to the matters contained herein, including the approximately 1,750 attorneys in the Firm's 23 domestic and international offices. Skadden Arps will file supplemental declarations regarding this retention if any additional relevant information comes to its attention. Additionally, as a matter of retention and disclosure policy, Skadden Arps will periodically review its past and present connections with entities materially participating in these cases from time to time and will file supplemental disclosure declarations, if warranted.

I declare under penalty of perjury that, to the best of my knowledge and belief, and after reasonable inquiry, the foregoing is true and correct.

Dated: New York, New York
        August 15, 2006

_____
D. J. Baker
SKADDEN, ARPS, SLATE, MEAGHER
 & FLOM LLP
Four Times Square
New York, New York 10036-6522

19

.

<u>EXHIBIT 1</u>

<u>Engagement Letter</u>

## SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

FOUR TIMES SQUARE
NEW YORK 10036-6522

TEL: (212) 735-3000
FAX: (212) 735-2000
www.skadden.com

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
SAN FRANCISCO
WASHINGTON, D.C.
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SINGAPORE
SYDNEY
TOKYO
TORONTO
VIENNA

June 2, 2006

Dana Corporation
4500 Dorr Street
Toledo, Ohio  43615

Attention:  Mr. Richard Gabrys
            Chairman of the Audit Committee
            Mr. Michael L. DeBacker
                Vice President, Secretary and
                General Counsel

Dear Dick and Mike:

       I write to confirm certain matters we have discussed concerning our engagement by Dana Corporation (the "Company" or "Dana") and the Audit Committee of the Board of Directors of Dana in connection with the matters described below in the "Scope of Engagement" section (the "Engagement").

### Scope of Engagement

       As you know, as set forth in our letter to Dick of September 16, 2005, the Audit Committee engaged Skadden, Arps, Slate, Meagher & Flom LLP ("Skadden Arps" or the "Firm") as special counsel in connection with the investigation of certain matters that eventually led to the restatements announced on December 30, 2005.  In connection with its retention by the Audit Committee, Skadden Arps has also advised, and will continue to advise, the Audit Committee and the independent directors in connection with the investigation by the United States Securities and Exchange Commission ("SEC") and other matters relating to the Audit Committee investigation, including responding on behalf of Dana to information requests made by the SEC, and assisting in responding on behalf of Dana to subpoenas issued by the SEC.

Dana Corporation
June 2, 2006
Page 2

We have also advised, and will continue to advise, the independent directors in connection with demands made by Dana shareholders upon the Dana directors to bring various lawsuits and take corrective actions relating to the company's restatement of earnings and other matters.

We have also advised, and will continue to advise if so requested, Dana with respect to employee benefit and executive compensation matters, including with respect to compliance with Section 409A of the Internal Revenue Code.

In addition, we are representing the independent directors — specifically, Richard M. Gabrys, Richard B. Priory, A. Charles Baillie, Marilyn R. Marks, Edmund M. Carpenter, James P. Kelly, Cheryl W. Grisé, Samir G. Gibara, and David E. Berges (collectively, the "Independent Directors") — in connection with the following shareholder derivative and class action lawsuits (the "Actions") filed against the directors in the United States District Court for the Northern District of Ohio, which assert allegations relating to the restatement of the company's earnings: Traute Weidman v. Michael Burns, et al., No. 05-CV-7464 (filed December 8, 2005); Qun James Wang v. Benjamin F. Bailar, et al., No. 06-CV-7038 (filed January 31, 2006); Mark Federle, v. Michael J. Burns, et al., No. 06-CV-7044 (filed February 28, 2006); Roberta Casden v. Michael J. Burns, et al., No. 06-CV-7068 (filed March 2, 2006); and Steven Staehr v. Michael J. Burns, et al., No. 06-CV-7096 (filed March 2, 2006). We do not represent the Company in connection with the Actions.

In connection with our representation of the Independent Directors in the Actions, we are representing the individual directors as directors of Dana, but do not represent them in connection with any other affiliations they may hold. Otherwise, our Engagement is to represent the Company (and, in this case, the Audit Committee of the Company's Board of Directors) and not its individual directors, officers, employees or shareholders. However, we anticipate that in the course of the Engagement, we will provide information and advice to directors, officers or employees in their corporate capacities.

**Engagement Personnel**

Roger Aaron will continue to act as the coordinating partner for the Company on the Engagement. Working closely with Roger will be the undersigned and litigation partners, Susan Saltzstein, Timothy Nelsen and Christopher Malloy and my corporate partner, Michael Gizang. Other partners, counsel and associates will be added to our team as needed.

Dana Corporation
June 2, 2006
Page 3

**Billing and Fees**

      As we have discussed, effective upon our next billing statement, our fees will be based primarily on the time involved in the Engagement, and our bundled hourly time charges. Under our bundled rate structure, Dana will not be billed separately for certain charges (e.g., secretarial and word processing, time preparing legal documents, proofreading, facsimile services, overtime meals and overtime travel allowances.) A list of our bundled hourly time charges using the Firm's bundled rate structure as of September 1, 2005 is attached as Schedule A. As part of the firm's ordinary business practices, hourly time charges are periodically reviewed and revised.

      Further, it is our practice to bill for reimbursement of out-of-pocket expenditures for such matters as outside research, postage, express package and messenger services, filing fees, outside professional fees, transcript costs, travel and subsistence expenses and the like, as well as to charge, at standard rates, for such services as telephone, computer research and photocopying. These, and other similar items are billed periodically or upon completion of the transaction based on our bookkeeping records. Attached as Schedule B is a statement of our policy with respect to charges and disbursements under our standard bundled rate structure, which is subject to adjustment from time to time. I would expect to include charges and disbursements on our periodic billing statements. We would expect to bill you on a monthly basis on this matter.

      If a dispute develops about our fees, you may be entitled under Part 137 of the Rules of the Chief Administrator of the New York Courts to arbitration of that dispute if it involves more than one thousand and less than fifty thousand dollars.

**Conflicts and Waivers**

      With respect to conflicts and waivers, in engagements of this type it is our Firm's practice to obtain waivers as set forth below. The Firm represents a broad base of clients on a variety of legal matters. As a result, absent an effective conflicts waiver, conflicts of interest may arise that could adversely affect your ability and the ability of other clients of the Firm to choose the Firm as its counsel and could preclude the Firm from representing the Company or other clients of our Firm in pending or future matters. Given that possibility, we wish to be fair not only to you, but to our other clients as well. Accordingly, this letter will confirm our mutual agreement that the Firm may represent other present or future parties on matters other than those for which the Firm had been or then is engaged by the Company, whether or not on a basis adverse to the Company or any of its affiliates, including in

Dana Corporation
June 2, 2006
Page 4

litigation or legal or other proceedings or matters (which are referred to as "Permitted Adverse Representations").

In furtherance of this mutual agreement, the Company agrees that it will not for itself or any other party assert the Firm's representation of the Company either previously, in its then existing representation in the Engagement or in any other matter in which the Company retains or engages the Firm, as a basis for disqualifying the Firm from representing another party in any Permitted Adverse Representation and agrees that any Permitted Adverse Representation does not constitute a breach of duty. Permitted Adverse Representations would include, for example, without limitation, representing a client over which the Company might be seeking to acquire influence or control or from which the Company may wish to buy assets, or representing a client regarding its interest at the time in acquiring influence or control over an entity in which the Company then has a similar interest.

Our representation of the Company is premised on the Firm's adherence to its professional obligation not to disclose any confidential information or to use it for another party's benefit without the Company's consent. Provided that the Firm acts in this manner, the Company would not for itself or any other party assert that the Firm's possession of such information, even though it may relate to a matter for which the Firm is representing another client or may be known to someone at the Firm working on such matter, is a basis for (a) disqualifying the Firm from representing another of its clients in any matter in which the Company or any other party has an interest or (b) constitutes any claim of breach of any duty by the Firm.

With respect to parties affiliated with the Company generally, including parties owned by the Company and parties that hold direct or indirect interests in the Company, it is our understanding that the Firm is not being asked to provide, and will not be providing, legal advice to, or establishing an attorney-client relationship with, any such affiliated party or person in their individual capacity and will not be expected to do so unless the Firm has been asked and has specifically agreed to do so. Finally, it is the Firm's understanding that if the Firm acts as counsel for any other party as to which the Company then owns completely, directly or indirectly, all of the common stock or similar voting interest (other than directors' qualifying shares, if any), the mutual agreement reflected in this letter, including the waivers, would apply to that party as well.

**Other Matters**

The provisions of this letter agreement will continue in effect, including if the Firm's representation of the Company were ended at your election

Dana Corporation
June 2, 2006
Page 5

(which, of course, the Company would be free to do at any time) or by the Firm
(which would be subject to ethical requirements). In addition, the provisions of this
letter agreement will apply to future engagements of the Firm by the Company
unless we mutually agree otherwise.

This letter agreement shall be governed by and interpreted in
accordance with the laws of the State of New York without regard to its conflicts of
laws principles.

For purposes of this letter agreement, references to Skadden Arps or
the Firm include our affiliated law practice entities.

If this letter agreement is satisfactory, please sign a copy and return it
to me. This will then constitute an agreement between our Firm and the Company
on the subject matter herein. If this letter agreement does not accurately reflect your
understanding of the terms of our agreement regarding the Firm's Engagement,
please call me promptly so that we may discuss it further. Also, you should
consider, of course, whether you wish first to review it with your counsel.

Again, we very much appreciate the opportunity to work with you and
the Company and look forward to doing so.

Very truly yours,

Robert E. Zimet

Enclosure

Dana Corporation
June 2, 2006
Page 6


ACCEPTED AND AGREED TO as of
The date first above written.

The Audit Committee of the Board of Directors of
DANA CORPORATION

By: _____
　　　Richard Gabrys

DANA CORPORATION

By: _____
　　　Michael DeBacker, Esq.

CONFIDENTIAL

### SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP & AFFILIATES

### STANDARD BUNDLED HOURLY TIME CHARGE SCHEDULE[*]

#### September 1, 2005

| | Rate |
|---|---|
| **PARTNERS and OF COUNSEL:** | $585 – $835 |
| **COUNSEL/SPECIAL COUNSEL:** | $560 – $640 |
| **ASSOCIATES:** | |
| Level | |
| 8 | $540 |
| 7 | 510 |
| 6 | 485 |
| 5 | 465 |
| 4 | 440 |
| 3 | 410 |
| 2 | 375 |
| 1 | 295[**] |
| **LEGAL ASSISTANTS:** | $ 90 – $230 |

---

[*]    These are the Firm's standard hourly fee rates for most attorneys and legal assistants in the Firm's "bundled rate" structure for clients who are not billed separately for certain charges (e.g., secretarial and word processing time preparing legal documents, proofreading, facsimile services, overtime meals and overtime travel allowances). In-house reproduction under the bundled rate structure is charged at $0.10 per page. Please note that in a limited number of cases or for specific types of work (e.g., M&A transactions, certain types of tax matters, etc.), individual rates may be higher or lower than those stated.

[**]    First year associates will move to $335/hr. after being admitted to the Bar.

### SKADDEN ARPS, SLATE, MEAGHER & FLOM LLP AND AFFILIATES
#### Policy Statement Concerning Charges and Disbursements
#### Under Standard Bundled Rate Structure
#### Effective 9/1/05

*Skadden Arps bills for reasonable charges and disbursements incurred in connection with an engagement. Clients are billed for external charges at the actual cost billed by the vendor except in a few cases noted below; charges for internal support services are billed at rates derived from internal cost analyses or at rates set at or below comparable outside vendor charges.*

**I. Research Services.** Charges for on-line computerized research (LexisNexis, Westlaw and financial services) and use of outside research services and materials are billed at the actual amounts charged by vendors, which have been reduced by discounts the Firm receives from vendors.

SEC filings retrieved using the Disclosure system in our library are charged based on standard vendor rates derived from an internal cost analysis.

The State of Delaware Database provides computer access to a corporations database in Dover, Delaware. The charge for this service is $50 per transaction, which is the average amount charged by outside services.

**II. Travel-Related Expenses.** Out-of-town travel expenses are billed at actual cost and include air or rail travel, lodging, car rental, taxi or car service, tips and other reasonable miscellaneous items associated with travel. Corporate and/or negotiated discounted rates are passed on to the client. Specific Firm policies for expenditures relating to out-of-town travel include:

- *Air Travel.* Coach travel is used for all U.S. domestic flights unless upgrades are available at little additional cost or prior client approval is obtained for a different class. For international flights from the United States, business class is used. Travel by attorneys based outside the United States is consistent with these policies.

- *Lodging.* Overnight accommodations are generally booked with hotels with which the Firm has a corporate rate or, when this is not possible, with hotels suggested by the client.

Local travel charges include commercial transportation and, when a private car is used, mileage, tolls and parking. Specific policies govern how and when a client is charged for these expenses; these include:

- *Fares for commercial transportation* (e.g., car service, taxi or rail) are charged at the actual vendor invoice amount. The charge for private car usage is the IRS rate allowance per mile (or the equivalent outside the United States) plus the actual cost of tolls and parking.

- *Round-trip transportation to the office is not charged separately for attorneys who work weekends or holidays, nor is transportation home on business days when an attorney works past a certain hour (typically 8:30 p.m.).*

- *Local travel for support staff is not charged when a staff member works after 8:00 p.m. specifically for the client.*

**III. Word Processing and Secretarial and other Special Task-Related Services.** Routine secretarial tasks (correspondence, filing, travel and/or meeting arrangements, etc.) are not charged to clients. There is no separate charge for word processing and secretarial services associated with preparing legal documents.

Multi-function personnel, such as qualified secretaries and word processors, may also perform other specialized tasks (such as EDGAR filings or legal assistant services). Such work is recorded in the appropriate billing category (for example, legal assistant services are recorded as fee in "Legal Assistant Support" on bills).

**IV. Reproduction and Electronic Document Management.** Photocopying services (including copying, collating, tabbing and velo binding) performed in-house is charged at 10 cents per page, which represents the average internal cost per page. Color photocopies are charged at 50 cents per page (based on outside vendor rates). Photocopying projects performed by outside vendors are billed at the actual invoice amount. Special arrangements can be made for unusually large projects.

Electronic Data Management services (e.g., scanning, OCR processing, printing from scanned files, and conversions) performed by outside vendors are billed at the actual invoice amount and those performed in-house are billed at rates comparable to those charged by outside vendors.

**V. Electronic Communications:** Clients are charged for communications services as follows:

- *Telephone Charges.* There is no charge for local telephone calls or facsimile services. Long distance telephone calls made from the Firm are charged based on applicable rates in tariff tables and are allocated

within a client based on the hours worked by attorneys on various matters for that client. Collect, credit card and third party calls are charged at the vendor rate plus applicable taxes and are assigned to the specific matter for which such charges were incurred.

- *Facsimile Charges.* There is no charge for outgoing or incoming facsimiles.

**VI.** *Postage and Courier Services.* Outside messenger and express carrier services are charged at the actual vendor invoice amount which frequently involves discounts negotiated by the Firm. Postage is charged at actual mail rates. On certain occasions, internal staff may be required to act as messengers; a standard rate is charged for their time.

**VII .** *UCC Filing and Searches.* Charges for filings and searches, in most instances, are based on standard amounts determined by the vendor. Unusual filings and searches will be charged based on vendor invoice.

**VIII.** *Meals.* Business meals with a client are charged at actual cost. Luncheon and dinner meetings with the client at the Firm are charged based on the costs developed by our food service vendor. Breakfast, beverage and snack services at the Firm's offices are not charged, except in unusual circumstances. Overtime meals are not charged separately to clients.

**IX.** *Direct Payment by Clients of Other Disbursements.* Other major disbursements incurred in connection with an engagement will be paid directly by the client. (Those which are incurred and paid by the Firm will be charged to the client at the actual vendor's invoice amount.) Examples of such major disbursements that clients will pay directly include:

- *Professional Fees* (including disbursements for outside professional services such as local counsel, accountants, witness and other professional fees).

- *Filing/Court Fees* (including disbursements for agency fees for filing documents, standard witness fees, juror fees).

- *Transcription Fees* (including disbursements for outside transcribing agencies and courtroom stenographer transcripts).

- *Other Disbursements* (including any other required out-of-pocket expenses incurred for the successful completion of a matter).

* * * * *

2

<u>EXHIBIT 2</u>

<u>Interested Parties</u>

**The Debtors**

Brake Systems, Inc.
BWDAC, Inc. (f/k/a BWD Automotive Corporation)
Coupled Products, Inc.
Dakota New York Corp.
Dana Atlantic, LLC (f/k/a Glacier Daido America, LLC)
Dana Automotive Aftermarket, Inc.
Dana Brazil Holdings LLC (f/k/a Dana Realty Funding, LLC)
Dana Brazil Holdings I LLC (f/k/a Wix Filtron LLC)
Dana Corporation
Dana Information Technology Inc.
Dana International Finance, Inc.
Dana International Holdings, Inc.
Dana Risk Management Services, Inc.
Dana Technology Inc. (f/k/a Sanford Acquisition Company)
Dana World Trade Corporation
Dandorr L.L.C.
Dorr Leasing Corporation
DTF Trucking, Inc.
Echlin-Ponce, Inc.
EFMG LLC
EPE, Inc.
ERS LLC (f/k/a Tekonsha Engineering Company)
Flight Operations, Inc.
Friction Inc.
Friction Materials, Inc.
Glacier Vandervell, Inc.
Hose & Tubing Products, Inc. (f/k/a Hose & Tubing, Inc.)
Lipe Corporation
Long Automotive LLC
Long Cooling LLC
Long USA LLC
Midland Brake, Inc.
Prattville Manufacturing, Inc.
Reinz Wisconsin Gasket LLC
Spicer Heavy Axle & Brake, Inc.
Spicer Heavy Axle Holdings, Inc.
Spicer Outdoor Power Equipment Components LLC
Torque-Traction Integration Technologies, LLC (f/k/a Spicer Driveshaft Assembly, Inc.)
Torque-Traction Manufacturing Technologies, LLC (f/k/a Spicer Driveshaft Manufacturing, Inc.)
Torque-Traction Technologies, LLC
United Brake Systems Inc.

**Nondebtor Dana Credit Corporation and Subsidiaries Thereof**

Access Investments I, LLC
Access Investments II, LLC

Britannia Properties
CAC Luxembourg SaRL
CCD Air Eleven, Inc.
CCD Air Twelve, Inc.
CCD Air Fifty LLC
CCD Water Three, Inc.
CES/Way Capital One, L.L.C.
CES/Way Capital Two, L.L.C.
CES/Way Capital Three, L.L.C.
CIC Beteiligungs GmbH
CIC Verwaltung GmbH
Dana Capital Limited
Dana Commercial Credit Corporation
Dana Commercial Credit (June) Limited
Dana Commercial Credit (September) Limited
Dana Commercial Credit (UK) Limited
Dana Credit Corporation
Dana Fleet Leasing, Inc.
Dana Lease Finance Corporation (a/k/a Potomac Leverage Leasing Company)
DCC Canada, Inc.
DCC Company 102, Inc.
DCC Fiber, Inc.
DCC Project Finance Five, Inc.
DCC Project Finance Ten, Inc.
DCC Project Finance Eleven, Inc.
DCC Project Finance Twelve, Inc.
DCC Project Finance Thirteen, Inc.
DCC Project Finance Fourteen, Inc.
DCC Project Finance Fifteen, Inc.
DCC Project Finance Sixteen, Inc.
DCC Project Finance Eighteen, Inc.
DCC Project Finance Nineteen, Inc.
DCC Project Finance Twenty, Inc.
DK Bügerwindpark Eckolstädt GmbH & Co. KG
DK Windpark Kavelstorf GmbH & Co. KG
Edison Capital Housing Partners XII, L.P.
Energy Services Credit Corporation
Energy Services Nevada, Inc.
Express Stop Financing
FGHK, Ltd.
GATX Telecom Investors II, L.L.C.
GATX Telecom Investors II-A, L.L.C.
Hickory Pointe Developer
Indiantown Cogeneration, L.P.
Indiantown Project Investment Partnership, L.P.
Isom & Associates, Inc.
JVQ Capital One, Inc.
Kingsdell, L.P.
Lance Point Developers
Letovon Rosehill One Pty. Limited
Letovon Rosehill Two Pty. Limited
Letovon St. Kilda One Pty. Limited
Letovon St. Kilda Two Pty. Limited
Michigan Coral Rock, LLC

Midwest Housing Investments, J.V., Inc.
Ottawa Properties, Inc.
Pasadena Project Investment Limited Partnership
Pasco Cogen Ltd.
Pasco Project Investment Partnership, L.P.
PhotoFinance LLC
PhotoTech, LLC
Pleasant View of North Vernon, L.P.
Prestwick Square of Jeffersonville, L.P.
ProLogis Equipment Services LLC
REBNEC Ten, Inc.
Recap, Inc.
Redison, Inc.
Region Center Associates
RENOVO Twelve, Inc.
RENOVO Thirteen, Inc.
ReSun, Inc.
Rock Energy Limited
Seismiq, Inc.
Shannon Canada Inc.
SHARP-Massachusetts Investment Limited
    Partnership
Springdale Park
Steiber Formsprag Limited
Stonegate Apartments of Cambridge City Associates,
    L.P.
STSN, Inc.
TSB, L.P.
Tyco Capital Project Finance, L.L.C.
Washington 10 Gas Holdings, Inc.
Washington 10 Storage Corporation

**Other Domestic Nondebtor Affiliates**

Allied Ring Corporation
Bendix Spicer Foundation Brake LLC
BSFB Holdings, Inc.
Dana Asset Funding, LLC
Dana Emerson Actuator Systems LLC
Drive Tek LLC
DSA of America, Inc.
Getrag Corporation
Lagoon Associates, LLC
Standard Motor Products Inc.
Transmission Technologies Corporation
Victor Reinz Valve Seals LLC

**Foreign Nondebtor Affiliates**

ABC Sistemas e Modulos Ltda.
AMP Industrial e Comercio de Pecas Automotivas
    Ltda.
Autoclavite S.A.
Autometales, S.A. de C.V.
Automotive Motion Technology Limited (AMTL)
Axlecay Limited

Axles India Limited
Bendix Spicer Foundation Brake Canada, Inc.
C.A. Danaven
Cardanes, S.A. de C.V.
Cerro de los Medanos S.A.
Chassis Systems Limited
Corporacion Inmobiliaria de Mexico S.A. de C.V.
Dana-Albarus Industria E Comercio De Autopecas
    Ltda.
Dana Argentina S.A.
Dana Australia (Holdings) Pty. Ltd.
Dana Australia Pty. Ltd.
Dana Australia Trading Pty. Ltd. (f/k/a Spicer
    Drivetrain Pty. Ltd.)
Dana Austria GmbH
Dana Automocion, S.A.
Dana Automotive Limited
Dana Automotive Systems GmbH
Dana Bedford 3 Limited
Dana Belgium N.V.
Dana Canada Corporation
Dana Canada Holding Company
Dana Canada Limited
Dana Canada LP (f/k/a Dana Canada Limited
    Partnership)
Dana Chassis Systems Limited (f/k/a TJ Filters
    Limited)
Dana China Limited
Dana Comercializadora, S. de RL de C.V. (f/k/a
    Long de Mexico, S.A. de C.V.)
Dana (Deutschland) Grundstucksverwaltung GmbH
Dana do Brasil Ltda.
Dana Emerson Actuator Systems LLP
Dana Emerson Actuator Systems s.r.o.
Dana Emerson Actuator Systems (Technology) LLP
Dana Equipamentos Ltda.
Dana Europe Holdings B.V. (f/k/a Clark-Hurth
    Belgium N.V.; Clark Equipment Belgium, N.V.)
Dana Europe S.A.
Dana Finance (Ireland) Limited
Dana Fluid Products Slovakia, s.r.o. (f/k/a Hose &
    Tubing Slovakia s.r.o.)
Dana GmbH
Dana Heavy Axle Mexico S.A. de C.V.
Dana Holding GmbH
Dana Holdings Limited
Dana Holdings SRL
Dana Hong Kong Limited
Dana Hungary Gyarto kft
Dana India Private Limited
Dana India Technical Centre Limited (f/k/a Anand
    Technical Services Limited)
Dana Industrias Ltda.
Dana Investment GmbH
Dana Investment UK Limited
Dana Italia, SpA

Dana Japan, Ltd.
Dana Korea Co. Ltd.
Dana Law Department, Ltd. (a/k/a Lipe Clutch
    Division) (f/k/a Lipe Limited)
Dana Limited
Dana Manufacturing Group Pension Scheme Limited
Dana Mauritius Limited
Dana New Zealand, Ltd.
Dana Residual 1 (f/k/a Quinton Hazell Automotive
    Limited)
Dana San Juan S.A. (f/k/a AROS Daneri, S.A.)
Dana San Luis S.A. (f/k/a Trasa San Luis)
Dana S.A.S.
Dana Spicer Europe Limited (a/k/a Wix Filtration
    Products Europe)
Dana Spicer Limited (a/k/a Dana Automotive)
Dana Spicer (Thailand) Limited (f/k/a Spicer Asia
    (Thailand))
Dana Two SARL (f/k/a Quinton Hazell SARL)
Dana UK Common Investment Fund Limited
Dana UK Holdings Limited
Dana UK Pension Scheme Limited
Dana (Wuxi) Technology Co. Ltd.
Danaven Rubber Products, C.A. (f/k/a Gates de
    Venezuela, S.A.)
Dantean (Thailand) Company, Limited
    (f/k/a Spicer Thailand Company Limited)
D.E.H. Holdings SARL
Deutsche Venture GmbH & Co. KG
DirecSpicer, S.A. de C.V.
Dongfeng Dana Axle Co. Ltd. Driveshafts
Driveline Specialists Limited
Echlin Argentina S.A. (a/k/a Plasbestos)
Echlin Comercial S.A. de C.V.
Echlin do Brasil Industria e Comercio Ltda.
Echlin Europe Limited (f/k/a Whitely Rishworth
    Exports, Ltd.)
Echlin Mexicana S.A. de C.V.
Echlin (Southern) Holding Ltd. (Jersey)
Echlin Taiwan Ltd.
Ejes Tractivos, S.A. de C.V.
Engranes Conicos, S.A. de C.V.
Fanacif Products Argentina S.A.
Forjas Spicer, S.A. de C.V.
Fujian Spicer Drivetrain System Co., Ltd.
Gearmax (Pty.) Ltd.
Getrag All Wheel Drive AB
Getrag Dana Driveline Systems GmbH
Getrag Dana Holding GmbH
Getrag Ford Transmissions GmbH
Getrag GmbH & CIE
Getrag High-Tech Gears India LLC
Getrag US Holding GmbH (f/k/a Getrag Gears of
    North America, Inc.)
Glacier Tribometal Slovakia a.s.
Glacier Vandervell S.A.S. (f/k/a Dana France S.A.S.)

Hindustan Hardy Spicer Limited
Hobourn Group Pension Trust Company Limited
Industria De Ejes Y Transmissiones S.A. (Transejes)
JUNCAY
Lipe Rollway Mexicana S.A. de C.V.
Manufacturas Victor Gaskets de Colombia S.A.
Metalmechanic Equipment Supply S.A.
Metalurgica Atica Ltda.
MSP Ltd.
Najico Spicer Co., Ltd.
Nippon Reinz Co. Ltd.
NMD Fuel Systems, S. de R.L. de C.V.
Nobel Plastiques Iberica S.A.
Nobel Plastiques S.A.S.
Nobel Teknik a.s.
Nobel Teknik France S.A.S.
ORDA Automotive a.s.
Perfect Circle Europe S.A.S.
Perfect Circle India Limited
Promotora de Industrias Mecanicas, S.A. de C.V.
    (Promec)
PT Spicer Axle Indonesia
P.T. Spicer Indonesia
PTG Mexico, S. de R.L. de C.V.
PTG Servicios, S. de R.L. de C.V.
QH Pension Trustee Limited
Quinton Hazell Plc.
Reinz-Dichtungs-GmbH & Co KG
Reinz Talbros Ltd.
ROC-Keeper Industrial Ltd.
ROC Spicer Investment Co. Ltd.
ROC-Spicer Ltd.
Sealed Power Autopartes, S.A. de C.V. (f/k/a Camisa
    S.A. de C.V.)
Sealed Power Mexicana S.A. de C.V.
Shenyang Spicer Driveshaft Corporation Limited
SM-Sistemas Modulares Ltda.
Societe de Reconditionnement Industriel de Moteurs
    S.A.S. (S.R.I.M.)
Spicer Axle Australia Pty. Ltd. (f/k/a J.B. Morgan
    and Co. Pty. Ltd.)
Spicer Axle Structural Components Australia Pty.
    Ltd. (f/k/a Truckline Parts Centres Pty. Ltd.)
Spicer Ayra Cardan, S.A.
Spicer Driveshaft Australia Pty. Ltd.
Spicer Ejes Pesados S.A.
Spicer France SARL
Spicer Gelenkwellenbau GmbH (f/k/a DKW
    Kunststoffwerke GmbH)
Spicer India Limited
Spicer Nordiska Kardan AB
Spicer Off-Highway Belgium N.V.
Spicer Off-Highway Parts & Distribution GmbH
    (f/k/a Clark-Hurth Components Vertribes GmbH)
Spicer Philippines Manufacturing Co.
Spicer S.A. de C.V.

SU Automotive Limited
SU Pension Trustee Limited
Suzuki Comercial Ltda.
Taiguang Investment (BVI) Co., Ltd.
Taiguant Investment Co., Ltd.
Taijie Investment Co., Ltd.
Taiway Ltd.
Taiying Investment Co., Ltd.
Talesol S.A.
TecDoc Information Systems GmbH
Tecnologia de Mocion Controlada S.A. de C.V.
T.F. Victor S.A. de C.V.
Thermal Products Czech Republic s.r.o. (f/k/a Long
    Manufacturing Czech Republic, s.r.o.)
Thermal Products France SAS
Transcar Ltda.
Transejes C.D. Ltda.
Transejes Transmisiones Homocineticas de Colombia
    S.A. (THC)
Transmission y Equipos Mecanicos, S.A. de C.V.
    (Tremec)
Transmissiones Homocineticas Argentina S.A.
    (THA)
Transmissiones TSP, S.A. de C.V.
T.S.P.
Tuboauto, C.A.
UBALI S.A.
Villa Industrial, S.A. de C.V.
Warner Electric do Brasil Ltda.
Whiteley Rishworth Ltd.
WOP Industrial e Comercio Bombas Ltda.
Wrenford Insurance Company Limited

**Current and Former Officers and Directors**

A. Charles Baillie
Anthony J. Shelbourn
Benjamin F. Bailar
Bernard N. Cole
Bonnie L. Schneider
Bruce Carver
Carol Campbell
Carolyn Fischer
Charles F. Heine
Charles Hartlage
Cheryl W. Griese
Christopher J. Czarka
D. Bruce Butcher
Daniel E. Fischer
David E. Berges
Dean L. Wilson
Dennis J. Greenwald
Douglas H. Liedberg
Edmund M. Carpenter
Frank Sheehan
Gary Corrigan

George Constand
George D. Wilkinson
Glen H. Hiner
Glenn Paton
James M. Laisure
James P. Kelly
Javier Loyola
Jeffrey Cole
John R. Washbish
Jon Intagliata
Jose Ismael Melgar
Joseph A. Stancati
Joseph Hoppe
Kevin Meyer
Lisa A. Wurster
Lori G. Coon
Marilyn R. Marks
Marc S. Levin
Mark Davis
Mark Holley
Marvin Franklin
Mary Lynn McIlhargey
Michael DeBacker
Michael J. Burns
Michael Schwanzl
Michelle Hards
Nicholas Cole
Nicholas Stanage
Pamela W. Fletcher
Paul E. Miller
Paul J. Bishop
Paul M. Fudacz
Richard B. Priory
Richard Harman
Richard J. Dyer
Richard M. Gabrys
Richard W. Spriggle
Robert A. Fesenmyer
Robert Arquette
Robert Brazeau
Robert C. Richter
Robert E. Pollock
Robert M. Leonardi
Rodney R. Filcek
Samir G. Gibara
Sandra S. Beaver
Stephen J. Hanley
Steven Slesinski
Steven Walker
Susan Herring
Teresa Mulawa
Terry R. McCormack
Terry Shively
Thomas Neusiis
Victoria Black
William J. Carroll

William Riley

**Significant Business Affiliations of
Officers and Directors**

Ballard Power Systems
Barnes Group Inc.
BellSouth Corporation
Campbell Soup Company
Canadian National Railway Company
Deloitte & Touche LLP
Dorsey Trailers
Duke Energy Corporation
General Motors Europe
Goodyear Tire & Rubber Company
Hewitt Associates
Hexcel Corporation
Honeywell International Inc.
International Paper Company
Mears Investments LLC
Northeast Utilities System
TELUS Corporation
Toronto-Dominion Bank
TruckBay.com, Inc.
United Parcel Service, Inc.

**Secured Lenders**

Bank of America, N.A.
Bank of New York
BNP Paribas
Citicorp USA, Inc.
Credit Suisse First Boston
Deutsche Bank, AG
Fifth Third Bank
Goldman Sachs Credit Partners, L.P.
HSBC Bank USA, N.A.
JPMorgan Chase Bank, N.A.
Keybank N.A.
Northern Trust Company
SunTrust Bank
Wachovia Bank, N.A.

**Former Secured Lenders**

Comerica Bank
Mizuho Corporate Bank, Ltd.
Toronto-Dominion Bank

**Nondebtor Affiliate Lenders**

Bank of America Securities LLC
Deutsche Bank Securities Inc.
Massachusetts Mutual Life Insurance Company
Metropolitan Life Insurance Company

**Depository and Disbursement Banks**

Comerica Bank
Fifth Third Bank
Goldman Sachs
JPMorgan Chase Bank, N.A.
KeyBank, N.A.
SunTrust Bank
Toronto-Dominion Bank

**Issuers of Letters of Credit/Lines of Credit**

Bank of New York
Deutsche Bank, AG
Fifth Third Bank
HSBC Bank USA, N.A.
KeyBank N.A.
Northern Trust Company
SunTrust Bank

**Issuers of Surety Bonds**

Aegis Security Insurance Company
Hartford Bond
RLI Corp.
Travelers Bond

**Guarantor**

LaSalle Bank, N.A.

**Other Significant Secured Parties**

General Electric Company

**Substantial Noteholders**

AIG Annuity Insurance Company
Linden Capital L.P.
Pandora Select Advisors, LLC
SunAmerica Life Insurance Company
The Variable Annuity Life Insurance Company
Whitebox Advisors, LLC

**Largest Unsecured Creditors**

Acemco Automotive
Advanced Systems & Controls Inc.
AFC Holocroftald
Akebono Corporation
Allegheny Ludlum
Almco Steel Products Corporation
Arcon Metal Processing
Arvinmeritor Inc.
Automatic Spring Products Corp.
B & C Machine Company, Inc.

Bearing Technologies
Bronson Precision Products Division
Bruckner Supply Co., Inc.
Brunner International Inc.
Cam Tool & Die
Cannon Automotive Solutions
Cardanes, S.A. de C.V.
CH Robinson Worldwide
Chicago Extruded Metals Co.
Citation Foam Casting Company
Citibank, N.A.
Component Bar Products, Inc.
Consolidated Metco, Inc.
Daido Metal Bellefontaine LLC
Dofasco Inc.
Dofasco Tubular Products, Inc.
Eaton Corporation
Ejes Tractivos S.A. de C.V.
Engranes Conicos S.A. de C.V.
Excel Polymers LLC
Federal Mogul Corporation
Freudenberg Nok
GKN Automotive Inc.
GKN Driveline Bowling Green Inc.
Goodyear Tire & Rubber Co.
Grede Foundries Inc.
Gunite Corporation
Haas TCM
Haldex Corporation
Hill Engineering Inc.
Huang Lin International Co., Ltd.
International Trade Winds LLC
Kaiser Aluminum & Chemical Sales
Key Plastics LLC
Koyo Corporation USA
Lake Erie Steel Company Ltd.
Lexington Corporate Properties Trust
Macsteel
Manpower Inc.
Mercer Forge Corporation
Metal Technologies Inc.
Metaldyne Co., LLC
Metokote Canada Limited
Metokote Corporation
Minister of France, Ministry of Labour
Motion Control Industries Inc.
Nationwide Precision Products Corporation
Neenah Foundry Co.
Nova Tube Indiana LLC
NTN Bearing Corp. of America
Nucor Steel Tuscaloosa Inc.
ODM Tool & Manufacturing Co., Inc.
Parker Hannifin Corporation
Paslin Company
Presrite Corporation
PricewaterhouseCoopers LLP

Receiver General for Canada
Rex Forge Division
Robert Bosch Corporation
ROC Keeper Industrial Ltd.
San Ho Industry, Inc.
Sanluis Rassini International, Inc.
SGL Technic Inc.
Shiloh Corporation
Stelco Inc.
Sypris Technologies
The Timken Company
Thyssenkrupp Precision Forge Inc.
Titan Tool & Die Ltd.
Toyoda-Koki Automotive Torsen North America Inc.
Toyoda Machinery USA Inc.
Toyota Tsusho America, Inc.
Tractech Inc.
TRW Automotive
UGS Corporation
U.S. Manufacturing Corp. Buena Vista
U.S. Manufacturing Corporation
USX Corporation
Victor Reinz Valve Seals LLC
Wangxiang America Corporation
Wayne Manufacturing Corporation
Welland Forge
Westport Axle Corporation
Wilmington Trust Company
Worthington Steel Company

**Joint Venture Partners**

Access Lending Corporation
Allen Libbe
Bendix Commercial Vehicle Systems, LLC
Bruce J. Hayner
Bühler Motor Inc.
Catamount Energy (Gibraltar) Limited
Chessman SARL
Condumex (a/k/a Grupo Carso)
Dade Investment, L.P.
David B. Martin
D.C. Anand
DEAS Holdings, Inc.
Deep Anand
DESC S.A. de C.V.
Dongfeng Motor Co. Ltd.
Durval de Macedo
Edison Capital Housing Investments
Edmar Antonion Mouco
Emerson Electric Co.
First Chicago Leasing Corporation (a/k/a Banc One Capital Corporation)
Frankische Zahnradwerke GmbH
Frederick Rudolph
Freeman Development Corporation

Frieos Varga
GATX Capital Corporation
George L. Herbolsheimer
GETRAG Getriebe-und-Zahnradfabrik Hermann
   Hagenmeyer GmbH & Cie KG
GKN Autostructures Ltd.
GKN North America Inc.
GKN plc
Gomez Family
Graybar Financial Services, Inc.
Hagenmeyer GmbH, Chur
Heller Financial Leasing, Inc.
Hugo E.I. Ferreira
IBM Credit Corporation
IFC, Inc.
Industrias Unicon, C.A. (f/k/a Conduven)
Investment Management Advisors, LLC
J. Patrick Corsiglia
Jinbei Automotive Co. Ltd.
John H. Kerby, II
John N. Martin
Keeper Co., Ltd.
Krupp
Lynco, Inc. (f/k/a Kitco; Perfect Circle Valve
   Seals, LLC)
Millstream Development Company
Mitsubishi Cable Industries
Nakamura Jico Co., Ltd.
NCP Dade Power Inc.
NTN
Orhan Holding S.A.
Pasco Power G.P., Inc.
Pasco Project Investment Partnership
Phillip Rudolph
ProLogis
PSRC II, Inc.
Qualex, Inc.
Riken of America, Inc.
Sempra Energy Services Company
STA, Inc.
Sundrum Holding Ltd.
T. Hagenmeyer Industriebeterlingungsgesellschaft
   GmbH
Thomas Wajnert
ThoughtWorks, Inc.
Toyan Enterprises
Tyco Capital Project Finance Manager, L.L.C.
Unik S.A. de C.V.
Varga Servicos Automotive Ltda.
Volvo Car Corporation
WACO-Verwaltungs GmbH
Webstrand Corporation
Weingarten Realty Investors
Wheels India Limited
XLO India Limited
Zahnradwerke Newenstein & Chur

## Significant Lessors

Ameritech Credit Corp.
   (d/b/a SBC Capital Services)
Canal Air, LLC
Commerce Drive, LLC
Danacq Kalamazoo, LLC
Danacq Nashville, LLC
Danacq Rochester Hills, LLC
GE Canada Asset Financing, Inc.
GE Canada Leasing Services Company
General Electric Capital Corp.
Huntington National Bank
Merrill Lynch Capital
MHB Leasing, Inc.
Shannon Facilities Leasing Inc.
SunTrust Leasing Corporation
Toledo Lucas County Port Authority
UPS Capital Corporation

## Parties to Swap Agreements

Citibank, N.A.
HSBC Bank USA, N.A.
Wachovia Bank, N.A. (f/k/a First Union National
   Bank)

## Parties to Collective Bargaining Agreements

International Association of Machinists and
   Aerospace Workers, AFL-CIO (Locals 986, 2034)
International Union, United Automobile, Aerospace,
   and Agricultural Implement Workers of America,
   UAW (Locals 86, 637, 771, 986, 1588, 2049, 3047,
   3049, 9023)
United Steel Workers of America, AFL-CIO-CLC
   (Locals 6-0113, 6-0307, 7-113, 4836, 9443-02)

## Parties to Material License Agreements and Permits

ALD Vacuum Technologies AG
Permo-Drive Technologies Ltd.
RUBIG GmbH & Co. KG

## Parties to Other Significant Contracts

International Business Machines (IBM)

## Purchasers of Accounts Receivables

Blue Ridge Asset Funding Corporation
Falcon Asset Securitization Corporation
JPMorgan Chase Bank, N.A.
Wachovia Bank, N.A.

**Holders of Notes Payable to Debtors**

Daido Metal Bellefontaine LLC
Millenium Industries Angola LLC
The Affinia Group

**Significant Customers**

AGCO Corporation
AM General Corporation
Blue Diamond Truck Company LLC
BMW
Brake Parts, Inc.
Caterpillar, Inc.
DaimlerChrysler AG
Detroit Diesel Corp.
Engineered Machine Products
Ford Motor Company
Ford Motor Company of Canada
Freightliner LLC
General Motors Corporation
General Motors de Mexico
General Motors of Canada
Genuine Parts Co.
IC Corporation
International Truck & Engine Corp.
Isuzu
John Deere Commercial Products
Mack Trucks, Inc.
Manitou BF
Navistar
New United Motor Manufacturing, Inc.
Nissan North America, Inc.
PACCAR Inc.
PACCAR of Canada
PSA Peugeot Citron
Renault-Nissan
Sandvik SMC Distribution Ltd.
Toyota Motor Manufacturing USA, Inc.
TRW Automotive US, LLC
Volkswagen
Volvo Truck

**Significant Shareholders**

Brandes Investment Partners, Inc.
Brandes Investment Partners, L.P.
Brandes Worldwide Holdings, L.P.
Capital Research and Management Company
Charles H. Brandes
Donald Smith & Co., Inc.
Gabelli Asset Management, Inc.
Glenn R. Carlson
Jeffrey R. Busby
Lord, Abbett & Co., Inc.

**Parties to Significant Litigation with the Debtors**

Alvin Greenberg
Amalgamated Workers' Union Local 88 Welfare
  Fund
Donald J. Doty
Howard Frank
Jane Johnson
John Johnson
Traute Weidman

**Significant Insurers**

American International Group (AIG)
Allied World Assurance Co., Ltd.
Arch Insurance Group (U.S.)
Arch Specialty Insurance Company
Axis Financial Insurance Solutions
Axis Reinsurance Company
Chubb Group of Insurance Cos.
Federal Insurance Company
JLT Risk Solutions (Bermuda) Ltd.
Liberty Mutual Insurance Company
Mutual Insurance Company
National Union Fire Insurance Company of
  Pittsburgh, PA.
St. Paul Mercury Insurance Company
Star Excess Liability Insurance Company, Ltd.
The Hartford
Twin City Fire Insurance Company
XL Insurance (Bermuda) Ltd.
XL Specialty Insurance Co. Ltd.
Zurich American Insurance Co.

**Professionals**

AP Services, LLC
Dorsey & Whitney LLP
Ernst & Young
Hunton & Williams LLP
Jones Day
Katten Muchin Rosenman LLP
Miller Buckfire & Co., LLC
PricewaterhouseCoopers LLP

**<u>EXHIBIT B</u>**

**<u>Proposed Order</u>**

448195-Wilmington Server 1A - MSW
CLI-1442208v1

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                            :
In re                                       :    Chapter 11
                                            :
Dana Corporation, et al.,                   :    Case No. 06-10354 (BRL)
                                            :
                    Debtors.                :    (Jointly Administered)
                                            :
------------------------------------------------------------x
```

**ORDER PURSUANT TO SECTIONS 327(e) AND 329(a) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 2014(a) AND 2016(b) AND LOCAL BANKRUPTCY RULE 2014-1, AUTHORIZING DANA CORPORATION TO RETAIN AND EMPLOY SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP AND AFFILIATES AS SPECIAL COUNSEL, *NUNC PRO TUNC* AS OF THE PETITION DATE**

This matter coming before the Court on the Application of Dana Corporation,

Pursuant to Sections 327(e) and 329(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and

2016(b) and Local Bankruptcy Rule 2014-1, for Order Authorizing Dana to Retain and Employ

Skadden, Arps, Slate, Meagher & Flom LLP and Affiliates as Special Counsel, *Nunc Pro Tunc*

as of the Petition Date (the "Application"),[1] filed by Dana Corporation ("Dana"), a debtor and

debtor in possession in the above-captioned cases; and the Court having reviewed the

Application and the Baker Declaration and having considered the statements of counsel and the

evidence adduced with respect to the Application at a hearing before the Court on the

Application (the "Hearing"); and the Court having found that (a) the Court has jurisdiction over

this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to

28 U.S.C. § 157(b), (c) notice of the Application and the Hearing was sufficient under the

circumstances, (d) in light of the circumstances, the requirements of Local Bankruptcy Rule

---

[1]        Capitalized terms not otherwise defined herein shall have the meanings given to them in the Application.

9013-1(b) that a separate memorandum of law be filed in support of the Application is waived,

(e) the Application and the Baker Declaration fully comply with the Bankruptcy Code, the

Bankruptcy Rules and the Local Bankruptcy Rules, and (f) Skadden Arps does not represent or

hold any interest adverse to the Debtors or to the Debtors' estates with respect to matters for

which Skadden Arps is to be employed; and the Court having determined that the legal and

factual bases set forth in the Application and the Baker Declaration and at the Hearing establish

just cause for the relief granted herein;

        IT IS HEREBY ORDERED THAT:

        1.      The Application is GRANTED in all respects, nunc pro tunc to the

Petition Date.

        2.      Dana is authorized to retain and employ Skadden Arps as special counsel

in its chapter 11 case, pursuant to section 327(e) of the Bankruptcy Code and Bankruptcy Rule

2014(a), on the terms and conditions set forth in the Application and the Engagement Letter,

nunc pro tunc to the Petition Date.

        3.      Skadden Arps shall be compensated for its services and reimbursed for

any related expenses in accordance with applicable provisions of the Bankruptcy Code,

the Bankruptcy Rules, the Local Bankruptcy Rules and any other applicable orders or procedures

of this Court.

CLI-1442212v1

4.      Skadden Arps shall file applications for interim and final allowance of

compensation and reimbursement of expenses which will be evaluated and determined under

standards set forth in sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the

Local Bankruptcy Rules and any orders of this Court entered in connection with establishing

procedures for interim monthly compensation and reimbursement of expenses of professionals.


Dated: New York, New York
           _____, 2006


                                            _____
                                            UNITED STATES BANKRUPTCY JUDGE