PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 36th Floor
New York, NY 10017-2024
Telephone: 212/561-7700
Facsimile: 212/561-7777
Dean A. Ziehl (DZ-6154)
Robert J. Feinstein (RF-2836)
Debra I. Grassgreen (CA Bar No. 169978)
Maria A. Bove (MB-8687)

Conflicts Counsel for Debtors and Debtors in Possession Dana Corporation

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
: 
In re : Chapter 11
:
Dana Corporation, *et al.*, : Case No. 06-10354 (BRL)
:
            Debtors. : (Jointly Administered)
:
---------------------------------------------------------------x

**MOTION OF DEBTORS AND DEBTORS IN POSSESSION FOR AN ORDER AUTHORIZING THEM TO FILE UNDER SEAL CERTAIN DOCUMENTS RELATING TO THEIR MOTION, PURSUANT TO SECTION 365 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019, FOR AN ORDER (I) APPROVING A SETTLEMENT AGREEMENT BY AND AMONG CERTAIN DEBTORS AND TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC., AND (II) AUTHORIZING THE ASSUMPTION OF CERTAIN AGREEMENTS**

TO THE HONORABLE BURTON R. LIFLAND,
UNITED STATES BANKRUPTCY JUDGE:

       Dana Corporation ("Dana") and 40 of its domestic direct and indirect subsidiaries, as debtors and debtors in possession (collectively, the "Debtors"), respectfully represent as follows:

## Background

       1.     On March 3, 2006 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy

Code"). By an order entered on the Petition Date, the Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being administered jointly. The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On March 10, 2006, the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Creditors' Committee"), pursuant to section 1102 of the Bankruptcy Code. On June 27, 2006, the U.S. Trustee appointed an official committee of equity security holders, pursuant to section 1102 of the Bankruptcy Code, which committee subsequently was disbanded by the U.S. Trustee on February 9, 2007. On August 31, 2006, the U.S. Trustee appointed an official committee of non-union retired employees, pursuant to section 1114(d) of the Bankruptcy Code and as directed by an order of the Court entered on August 9, 2006 (Docket No. 2773).

3. Debtor Dakota New York Corp. ("Dakota") is a New York corporation. Debtor Dana is the direct or indirect parent of Dakota and each of the other Debtors. Dana maintains its corporate headquarters in Toledo, Ohio. The Debtors and their nondebtor affiliates (collectively, the "Dana Companies") have over 100 leased and owned domestic business locations and have operations in approximately 25 states, as well as in Mexico, Canada, 11 countries in Europe and 14 countries elsewhere in the world.

4. The Dana Companies are leading suppliers of modules, systems and components for original equipment manufacturers and service customers in the light, commercial and off-highway vehicle markets. The products manufactured and supplied by the Dana

Companies are used in cars; vans; sport utility vehicles; light, medium and heavy trucks; and a wide range of off-highway vehicles.

5. As disclosed in Dana's Form 10-K filed on March 20, 2007, for the year ended December 31, 2006, the Dana Companies recorded revenue of approximately $8.5 billion and had assets of approximately $6.7 billion and liabilities totaling $7.6 billion. As of the Petition Date, the Dana Companies had approximately 44,000 employees.

## Jurisdiction

6. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

7. Pursuant to section 107 of the Bankruptcy Code and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Debtors hereby seek the entry of an order approving the filing of certain documents under seal in connection with the relief that the Debtors plan to request in their Motion, Pursuant to Section 365 of the Bankruptcy Code and Bankruptcy Rule 9019, for an Order (I) Approving a Settlement Agreement By and Among Certain Debtors and Toyota Motor Engineering & Manufacturing North America, Inc., and (II) Authorizing the Assumption of Certain Agreements (the "Toyota Settlement Motion").

8. The Debtors are filing the Toyota Settlement Motion contemporaneously herewith. By the Toyota Settlement Motion, the Debtors seek the entry of an order, pursuant to section 365 of the Bankruptcy Code and Bankruptcy Rule 9019, approving a Settlement Agreement and related agreements (collectively, the "Settlement Agreement") by and between Dana and Torque Traction Integration Technologies, LLC ("Torque Traction," and, together with

Dana, the "Dana Parties"), on the one hand, and Toyota Motor Engineering & Manufacturing North America, Inc. ("Toyota"), on the other hand, relating to the production of certain component parts by the Dana Parties for sale to Toyota (the "Component Parts") and resolving certain disputes and claims among the Dana Parties and Toyota. The justifications and factual information demonstrating that the proposed transactions are beneficial to the Debtors' estates are set forth in the Toyota Settlement Motion and in the Declaration of Robert A. Fesenmyer (the "Fesenmyer Declaration"), which will be filed in support of the Toyota Settlement Motion.

9. The Settlement Agreement and the Fesenmyer Declaration contain confidential and commercially sensitive pricing information and other commercial terms. Accordingly, by this Motion, the Debtors seek authority of the Court to file the Settlement Agreement and the Fesenmyer Declaration (collectively, the "Commercially Sensitive Documents") with the Court under seal.

### Facts Relevant to This Motion

10. The primary justifications supporting Dana's request for approval from the Court of their entry into and performance under the Settlement Agreement will be described in the Toyota Settlement Motion.

11. In sum, Dana has concluded that: (a) the terms of the Settlement Agreement are fair and reasonable and will improve the commercial terms for the sale of Component Parts to Toyota to provide an opportunity for the Dana Companies to profitably supply Toyota with Component Parts into the future; (b) the Dana Companies are unlikely to be able to negotiate a resolution with Toyota that is significantly better than the resolution embodied in the Settlement Agreement; and (c) the alternative to entry into the Settlement Agreement — namely the rejection of Dana's agreements with Toyota relating to the production of Component

Parts and the likely cessation of this line of business with Toyota— would result in expensive and protracted litigation and would have a number of significant negative consequences on the Debtors' business and the Dana Companies' overall commercial relationship with Toyota, which is one of the Dana Companies' largest customers.

12. The Debtors believe that the text of the Toyota Settlement Motion will provide sufficient detail to support the relief requested therein. Nonetheless, certain information relevant to the relief to be sought in the Toyota Settlement Motion is confidential and/or commercially sensitive to both Toyota and Dana. In particular, the Settlement Agreement establishes the detailed terms of the parties' commercial relationship going forward, including pricing for the Component Parts and includes certain settlement terms that are unique to the Dana/Toyota relationship. Disclosure of these terms to customers could impact Dana's ongoing negotiations with other customers. The Fesenmyer Declaration provides additional factual information and commercial justifications in support of the relief requested in the Toyota Settlement Motion, including information describing the commercial and business context related to Dana's entry into the Settlement Agreement and confidential terms of the Settlement Agreement that are not disclosed in the Toyota Settlement Motion.

13. Dana believes that disclosure of this commercially sensitive and confidential information could be harmful to Dana in the marketplace and adversely impact its business and restructuring initiatives. In addition, Toyota has advised Dana that Toyota believes that such documents are commercially sensitive and confidential to it. In fact, Toyota has required Dana, as part of the parties' entry into the Settlement Agreement, to seek to file such agreements under seal. Thus, the Court's denial of this Motion would require the Debtors to seek to revisit the terms of their agreements with Toyota.

14. For these reasons, the Debtors seek authority to file the Commercially Sensitive Documents under seal.

## Argument

15. Bankruptcy courts have the authority under the Bankruptcy Code to order that certain kinds of papers be filed under seal. Section 107(b) of the Bankruptcy Code provides, in relevant part, that:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may . . .
> (1) protect an entity with respect to a trade secret or confidential research, development or commercial information . . . .

11 U.S.C. § 107(b)(1). In fact, unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking protection thereunder to demonstrate "good cause." See, e.g., Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.), 21 F.3d 24, 28 (2d Cir. 1994); Phar-Mor, Inc. v. Defendants Named Under Seal (In re Phar-Mor, Inc.), 191 B.R. 675, 679 (Bankr. N.D. Ohio 1995). Instead, the party simply must demonstrate that the material sought to be protected satisfies one of the categories identified in section 107(b) of the Bankruptcy Code. Moreover, courts have determined that confidential commercial information need not rise to the level of a trade secret to be protected under section 107(b) of the Bankruptcy Code. See, e.g., Orion Pictures, 21 F.3d at 28.

16. Bankruptcy Rule 9018 describes the procedure by which a party may obtain relief under section 107(b), with or without notice to other parties. In particular, Bankruptcy Rule 9018 provides in pertinent part that:

> [o]n motion or on its own initiative, *with or without notice*, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information [or] (2) to

> protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the [Bankruptcy] Code . . . .

Fed. R. Bankr. P. 9018 (emphasis added).

17.     Here, a review of the relevant facts demonstrates that the Commercially Sensitive Documents should be filed under seal to protect Dana and Toyota from the disclosure of confidential commercial information. In particular, the Debtors believe that the public filing of the Commercially Sensitive Documents could result in competitors, customers, suppliers or other parties utilizing the information contained therein against Dana and/or Toyota, to their detriment.

18.     The Debtors respectfully submit that information contained in the Toyota Settlement Motion will permit parties in interest to evaluate the proposed assumptions notwithstanding the filing of the Commercially Sensitive Documents under seal. In the Toyota Settlement Motion, the Debtors will describe the rationale for Dana's entry into the Settlement Agreement. Moreover, the Debtors will provide copies of the Commercially Sensitive Documents to the retained professionals for: (i) the Creditors' Committee; (ii) Centerbridge Associates, L.P.; (iii) Dana's primary secured lenders; and (iv) the Ad Hoc Bondholders' Committee, subject to existing confidentiality arrangements that are in place.

19.     Accordingly, for the reasons described above, the Debtors request that the Court authorize them to file the Commercially Sensitive Documents under seal, pursuant to section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018.

### Request for Entry of Order Without Hearing

20.     The Debtors also request that the Court immediately grant the relief requested herein, without the need for a hearing. As noted above, Bankruptcy Rule 9018, which

implements section 107(b) of the Bankruptcy Code, specifically permits bankruptcy courts to enter orders authorizing the filing of documents under seal "with or without notice." In the event that no notice is given, Bankruptcy Rule 9018 further provides that "any entity affected thereby may move to vacate or modify the order, and after a hearing on notice the court shall determine the motion." Accordingly, the Debtors request that the Court grant this Motion immediately so that the Toyota Settlement Motion can be considered as promptly as possible.

## Memorandum of Law

21. This Motion includes citations to the applicable authorities and does not raise any novel issues of law. Accordingly, the Debtors respectfully request that the Court waive the requirement contained in Local Bankruptcy Rule 9013-1(b) that a separate memorandum of law be submitted.

## Notice

22. Pursuant to the Amended Administrative Order, Pursuant to Rule 1015(c) of the Federal Rules of Bankruptcy Procedure, Establishing Case Management and Scheduling Procedures (Docket No. 574) (the "Case Management Order"), entered on March 23, 2006, notice of this Motion has been given to (a) the parties identified on the Special Service List and the General Service List (as such terms are defined in the Case Management Order) and (b) counsel to Toyota. The Debtors submit that no other or further notice need be provided and that this Motion may be granted on an ex parte basis.

## No Prior Request

23. No prior request for the relief sought in this Motion has been made to this or any other Court.

WHEREFORE, the Debtors respectfully request that the Court (a) enter an order substantially in the form attached hereto as Exhibit A, granting the relief requested herein; and (b) grant such other and further relief to the Debtors as the Court may deem proper.

Dated: September 12, 2007
      New York, New York

Respectfully submitted,

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Robert J. Feinstein*
Dean A. Ziehl (DZ 6154)
Robert J. Feinstein (RF 2836)
Debra I. Grassgreen (CA Bar No. 169978)
Maria A. Bove (MB 8687)
780 Third Avenue, 36th Floor
New York, NY 10017-2024
Telephone: 212/561-7700
Facsimile: 212/561-7777

Conflicts Counsel for
Debtors and Debtors in Possession