**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------x
In re:                                                                       Chapter 11

Dana Corporation, et al.                                           Case No. 06-10354 (BRL)
                                                                                    (Jointly Administered)
                            Debtors,
------------------------------------------------------x


**MEMORANDUM DECISION AND ORDER DENYING MOTION FOR STAY**
**PENDING DETERMINATION OF WITHDRAWAL OF REFERENCE MOTION**

      The United States of America seeks a stay of the Dana Corporation's and its affiliated debtors (collectively, the "Debtors") objection to the Government's proofs of claim and the related estimation procedures pending a decision from the District Court on the Government's motion to withdraw the reference. The Debtors and the Official Committee of Unsecured Creditors object to the request.

      At a hearing before this Court two weeks ago, this Court granted the Debtors' motion to establish estimation procedures for the Government's claims and overruled the Government's objections finding that a prompt estimation process under section 502(c) of the Bankruptcy Code was necessary and appropriate in order to avoid a delay in the plan process and to permit the Debtors to emerge promptly from chapter 11 and maximize creditor recoveries. The Government's asserted claims - in excess of $300 million - are the largest remaining disputed unsecured claims against the Debtors' estates. A condition precedent to the Debtors' proposed plan of reorganization is that unsecured claims may not exceed $3.2 billion. The Debtors have been working to reconcile proofs of claim in order to fulfill that condition.

      On September 25, 2007, this Court entered an order, submitted jointly by the Debtors and

the Government, to establish an estimation process and timeline for the Claims Objection, leading up to an estimation hearing to be conducted on January 14, 2008.  The Government now seeks a one-month delay until at least October 25, 2007, the hearing date in the District Court on the Government's motion to withdraw the reference.  In essence the Government requests a stay of the discovery schedule.   However, regardless of whether the reference is withdrawn in this matter, the estimation and discovery process  will continue, either in this Court or the District Court and there is no logical reason discovery should not continue in the meantime.

Pursuant to Bankruptcy Rule 5011, the moving party bears the burden of proof in demonstrating that a stay of  proceedings pending a determination of a motion to withdraw the reference would be proper. *Miller v. Vigilant Ins. Co.* (*In re Eagle Enterprises, Inc.*), 259 B.R. 83, 86 (Bankr. E.D. Pa. 2001).  The motion for a stay pending a decision on a motion to withdraw the reference follows the same standard as any motion for a stay.   To prevail on its Motion, the Government must demonstrate (a) the likelihood of prevailing on the merits, (b) that the Government will suffer irreparable harm if the stay is denied; (c) that the Debtors will not be substantially harmed by the stay; and (d) that the public interest will be served by granting the stay.  *In re Issa Corp.,* 142 B.R. 75, 77 (Bankr.S.D.N.Y. 1992).

In the bankruptcy context, a court must concern itself not only with harm to the non-movant from a stay, but harm to the interests of the entire bankruptcy estate.  *See In re Leslie Fay Companies, Inc.*, 181 B.R. 156 (Bankr. S.D.N.Y. 1995).  Here, the delay sought by the Government threatens to jeopardizes the Debtors' prompt emergence from chapter 11 on the timeline contemplated by their Plan and various agreements with key constituents including their labor force and the unions, and undermines the Debtors' ability to make prompt and complete

distributions to their creditors. Rather than asking for some adjustment to the discovery schedule submitted jointly by the parties consistent with the Court's ruling on the estimation procedures motion, the Government seeks to stop all progress in this litigation.

Under the estimation procedures order, the only activity in this litigation will be the discovery conducted between the parties and the Government's filing of a response to the claim objection. Even if the withdrawal motion is granted, the litigation relating to the claims will simply be transferred to the District Court and the same discovery would be conducted and a response to the claim objection would be required. Thus, there are no duplicative activities, no risks of having to litigate the same issues twice and no risks that duplicative expenses will be incurred..

Moreover the Government has not clearly demonstrated that it has a likelihood of succeeding on the withdrawal motion. Although the Government contends that mandatory withdrawal is required under 28 U.S.C. § 157(d) because CERCLA-related issues require the consideration of non-bankruptcy federal law many such environmental cases have been addressed in bankruptcy courts in numerous districts. *See, e.g., In re FV Steel & Wire Co.*, 2007 WL 2116385, at *4-9 (Bankr.E.D. Wis. July 19, 2007) (estimating environmental claim); *In re Kaiser Group Int'l, Inc*., 289 B.R. 597, 608 (Bankr.D. Del. 2003) (same); *In re Allegheny Int'l Inc*., 158 B.R. 361, 367 (Bankr. W.D. Pa. 1993) (same); *In re Nat'l Gypsum Co.*, 1992 WL 426464, at *1 (Bankr. N.D. Tex. June 24, 1992) (same). The objection to the Government's claims is a core proceeding that requires only a straightforward application of established CERCLA law to what are largely factual issues. What really may be at stake here is the size of the reserve for the $300 million "guestimated" claims filed by the government.

For all the reasons stated I find that there is no basis to stay litigation activities relating to the claims for the next several weeks pending the District Court's consideration of the withdrawal motion. The Government has not demonstrated any harm it would suffer if discovery on its claims were to continue pending the District Court's decision. However, the potential harm to the Debtors and their estates, creditors, workforce and other parties in interest is great. Parenthetically, when the estimation matter came on before me two weeks ago, the Government's principal concern was that the discovery schedule was a mere two months short of what the Government's attorneys were comfortable with - somewhat antithetical to the argument before me this morning.

Accordingly this Motion for a Stay which merely serves to suspend the discovery schedule is denied.

IT IS SO ORDERED.

Dated: New York, New York
       October 3, 2007

/s/ Burton R. Lifland
United States Bankruptcy Judge