UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
                                                               :
In re                                                          :  Chapter 11
                                                               :
Dana Corporation, *et al.*,                                    :  Case No. 06-10354 (BRL)
                                                               :
                                    Debtors.                   :  (Jointly Administered)
                                                               :
---------------------------------------------------------------x

# DECLARATION OF JEFFREY B. ELLMAN CERTIFYING THE TABULATION OF VOTES ON, AND THE RESULTS OF VOTING WITH RESPECT TO, THE THIRD AMENDED JOINT PLAN OF REORGANIZATION OF DEBTORS AND DEBTORS IN POSSESSION

I, Jeffrey B. Ellman, make this Declaration under 28 U.S.C. § 1746 and state as follows:

1. I am over eighteen years of age and not a party to the above-captioned action.

2. I am a partner with the law firm Jones Day, which serves as counsel to the above-captioned debtors and debtors in possession (collectively, the "Debtors") in these chapter 11 cases.

3. Capitalized terms not otherwise defined herein have the meanings given to them in the Third Amended Disclosure Statement With Respect to the Third Amended Joint Plan of Reorganization of Debtors and Debtors in Possession (Docket No. 6670) (the "Disclosure Statement"); the Third Amended Joint Plan of Debtors and Debtors in Possession (Docket No. 6671) (as it may be further amended, the "Plan"); and the Order (I) Approving Disclosure Statement, (II) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject the Third Amended Joint Plan of Reorganization, (III) Scheduling Hearing on

Confirmation of the Third Amended Joint Plan of Reorganization and (IV) Approving Related Notice Procedures (Docket No. 6673) (the "Solicitation Order").

4. This Declaration is made in reliance on the Declaration of The BMC Group, Inc., as Balloting Agent, Regarding the Solicitation and Tabulation of Votes on, and the Results of Voting With Respect to, the Third Amended Joint Plan of Reorganization of Debtors and Debtors in Possession (the "BMC Declaration"), a copy of which is attached hereto as Annex A.

5. Pursuant to the Solicitation Order, Classes 1A, 1B, 2A, 2B, 3, 4, 5A, 6A, 6B, 6D, 7A, 7B and 8 were identified as Non-Voting Classes, with respect to which votes to accept or reject the Plan were not required. Therefore, the holders of Claims in these Classes were not solicited to vote.

6. Commencing on October 29, 2007, The BMC Group, Inc. solicited votes from the holders of Claims in the following impaired Classes:

> Class 2C — The Port Authority Secured Claim;
>
> Class 5B — General Unsecured Claims Against the Consolidated Debtors;
>
> Class 5C — The Union Claims; and
>
> Class 6C — The DCC Claim.

Pursuant to the Solicitation Order, with respect to holders of Class 5B Claims whose Claims arise from the beneficial ownership of Bonds (each, a "Beneficial Owner") held through a broker, bank, dealer or other agent or nominee (each, a "Master Ballot Agent"), both a Master Ballot, to be executed by the Master Ballot Agent, and Form B Individual Ballots ("Individual Beneficial Owner Ballots"), to be executed by the Beneficial Owners, were provided to the Master Ballot Agents. Master Ballot Agents were instructed to complete their Ballots utilizing only the information included in the Individual Beneficial Owner Ballots that comply with the

Solicitation Order and that were received on or before November 23, 2007 at 5:00 p.m., Eastern Time.

7. As set forth in the BMC Declaration, none of the holders of Claims in Class 2C or Class 6C returned a Ballot; therefore, none of these parties voted to either accept to reject the Plan. In reliance upon the BMC Declaration, below is a summary of the other Classes entitled to vote, pursuant to the Solicitation Order, and the voting tabulation with respect to Ballots received from such Classes:

| IMPAIRED CLASS AND DESCRIPTION | ACCEPT | | REJECT | |
|---|---|---|---|---|
| | VOTES COUNTED | AMOUNT | VOTES COUNTED | AMOUNT |
| **Class 5B** **General Unsecured Claims Against the Consolidated Debtors** | 1710 95.74% | $1,402,417,060.65 98.21% | 76 4.26% | $25,573,821.03 1.79% |
| **Class 5C** **The Union Claims** | 2 100% | $1,100,000,000.00 100% | 0 0.00% | $0.00 0.00% |

8. None of the parties voting Claims in Class 5C are insiders. In reliance upon the BMC Declaration, the results of the tabulation of the properly executed and timely Ballots in Class 5B, excluding the votes of such insiders, as that term is defined in 11 U.S.C. § 101(31), are as follows:

| IMPAIRED CLASS AND DESCRIPTION | ACCEPT (EXCLUDING INSIDERS) | | REJECT (EXCLUDING INSIDERS) | |
|---|---|---|---|---|
| | VOTES COUNTED | AMOUNT | VOTES COUNTED | AMOUNT |
| **Class 5B** **General Unsecured Claims Against the Consolidated Debtors** | 1680 95.67% | $1,400,974,607.65 98.21% | 76 4.33% | $25,573,821.03 1.79% |

9. I believe that the voting results set forth above demonstrate that Classes 5B and 5C have accepted the Plan under the standards of section 1126 of the Bankruptcy Code.

10. Each Class 5B Ballot requested that Creditors identify whether they held "Participating Claims" that would entitle the holder of such Claims to subscribe for New Series B Preferred Stock. Accordingly, each Creditor was asked in its Class 5B Ballot to determine whether the following statements were true: (a) together with all of the Creditor's Affiliates, the Creditor holds General Unsecured Claims against one or more of the Consolidated Debtors in an aggregate amount equal to or greater than $25 million; and (b) the Creditor is a "qualified institutional buyer," as such term is defined in Rule 144A promulgated under the Securities Act.[1] If both items applied to a particular Creditor, the Ballot directed the Creditor to identify the number of Participating Claims held by the Creditor and the amount of such Participating Claims.[2]

11. In reliance on the BMC Declaration, below is a summary of the results of the tabulation of Class 5B Ballots, separately tabulating the votes of parties that identified themselves as holding "Participating Claims" and the votes of parties that did not identify themselves as holding "Participating Claims":

---

[1] In particular, Item 3 of the Class 5B Ballot (Ballot No. 1) stated as follows:

> **Item 3. Participating Claims Status.** If you, together with all of your Affiliates, hold <u>less</u> than $25 million of General Unsecured Claims in the aggregate against the Consolidated Debtors <u>or</u> you are not a "qualified institutional buyer" (or QIB), as such term is defined in Rule 144A promulgated under the Securities Act, you do <u>not</u> have to complete this Item 3. Otherwise, please complete this Item 3. Please refer to Instruction 4 on the Attached "Voting Information and Instructions for Completing the Ballot" for further instructions regarding whether, and how, to complete this Item 3.

A similar request was made in Item 4 of the Individual Beneficial Owner Ballot, and related Instruction 4. This information was to be transcribed on the applicable Master Ballot.

[2] Beneficial Owners of Bonds also were asked to identify the number of Bondholder Claims held by the Beneficial Owner that are not Qualified Bond Claims or Acquired Bond Claims, and the amounts of any such Claims.

| IMPAIRED CLASS AND DESCRIPTION | ACCEPT | | REJECT | |
| --- | --- | --- | --- | --- |
| | **VOTES COUNTED** | **AMOUNT** | **VOTES COUNTED** | **AMOUNT** |
| **Class 5B** **Holders of Participating Claims** | 613 99.26% | $240,619,455.01 99.92% | 9 0.74% | $186,367.38 0.08% |
| **Class 5B** **Holders of Non-Participating Claims** | 1097 94.72% | $1,161,797,605.64 97.86% | 67 5.28% | $25,387,453.65 2.14% |

12. Thus, based upon the certifications made by holders of Class 5B Claims on their Ballots, if the Debtors has classified Claims that are Participating Claims and Claims that are not Participating Claims as a separate Classes under the Plan, I believe that the results of the votes described above demonstrate that each separate Class would have accepted the Plan under the standards of section 1126 of the Bankruptcy Code.

13. It is possible that a holder of a Class 5B Claim may have inadvertently identified, or inadvertently failed to identify, itself as a holder of Participating Claims on its Ballot. Accordingly, the Debtors sought to tabulate the results of voting on the Plan in an alternative manner to confirm the results set forth in paragraphs 11 and 12 above. In this regard, the Debtors are aware of the identity of the Qualified Investors under the Plan and, thus, for each Trade Claim that voted to accept or reject the Plan, it is possible to separately tabulate the Trade Claims votes of Qualified Investors and the Trade Claims votes of parties that are not Qualified Investors. With respect to votes on account of Bondholder Claims, however, the Debtors are unable to identify which votes are from Qualified Investors because the votes received are identified in the Master Ballots from the Master Ballot Agents; the Individual Beneficial Owner Ballots and the identity of the Beneficial Owners voting in respect of particular Master Ballots are not available to the Debtors.

14. As part of the effort to perform an alternative calculation, in reliance on the BMC Declaration, below is a summary of the results of tabulation of Class 5B Ballots for (a) Qualified Trade Claims, (b) Trade Claims that are not Qualified Trade Claims and (c) Bondholder Claims:

| IMPAIRED CLASS AND DESCRIPTION | ACCEPT | | REJECT | |
|---|---|---|---|---|
| | VOTES COUNTED | AMOUNT | VOTES COUNTED | AMOUNT |
| **Class 5B** **Qualified Trade Claims** | 443 100.00% | $107,205,043.67 100.00% | 0 0.00% | $0.00 0.00% |
| **Class 5B** **Trade Claims That Are Not Qualified Trade Claims** | 881 93.52% | $59,594,564.98 87.11% | 61 6.48% | $8,819,821.03 12.89% |
| **Class 5B** **Bondholder Claims** | 386 96.26% | 1,235,617,452.00 98.66% | 15 3.74% | $16,754,000.00 1.34% |

15. Based upon the information in paragraph 14, the Debtors considered two scenarios:

   a. <u>Scenario 1</u>. If (i) none of the accepting votes of the parties voting on account of Bondholder Claims were Participating Claims and (ii) all of the rejecting votes of the parties voting on account of Bondholder Claims were Participating Claims, then in reliance upon the data set forth in the chart in paragraph 14 above, the voting results of Participating Claims and non-Participating Claims would be as follows:

| IMPAIRED CLASS AND DESCRIPTION | ACCEPT | | REJECT | |
|---|---|---|---|---|
| | VOTES COUNTED | AMOUNT | VOTES COUNTED | AMOUNT |
| **Class 5B** **Participating Claims** | 443 96.72% | $107,205.043.67 86.48% | 15 3.28% | $16,754,000.00 13.52% |
| **Class 5B** **Non-Participating Claims** | 1,267 95.41% | $1,295,212,016.98 99.32% | 61 4.59% | $8,819,821.08 0.68% |

Scenario 1 is intended to maximize the impact of rejecting votes of parties holding Bondholder Claims on the overall voting results for Participating Claims.

b.  Scenario 2. Conversely, if (i) all of the accepting votes of the parties voting on account of Bondholder Claims were Participating Claims and (ii) none of the rejecting votes of the parties voting on account of Bondholder Claims were Participating Claims, then in reliance upon the data set forth in the chart in paragraph 14 above, the voting results of Participating Claims and non-Participating Claims would be as follows:

| IMPAIRED CLASS AND DESCRIPTION | ACCEPT | | REJECT | |
| --- | --- | --- | --- | --- |
| | VOTES COUNTED | AMOUNT | VOTES COUNTED | AMOUNT |
| **Class 5B Participating Claims** | 829 100.00% | $1,342,822,495.67 100% | 0 0% | $0 0% |
| **Class 5B Non-Participating Claims** | 881 92.06% | $59,594,564.98 69.97% | 76 7.94% | $25,573,821.03 30.03% |

Scenario 2 is intended to maximize the impact of rejecting votes of parties holding Bondholder Claims on the overall voting results for Non-Participating Claims.

16.  Accordingly, if the Debtors has classified claims that are Participating Claims and claims that are not Participating Claims as a separate Classes under the Plan, I believe that the results of the votes described above demonstrate that each separate Class would have accepted the Plan under the standards of section 1126 of the Bankruptcy Code.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 6, 2007

    /s/ Jeffrey B. Ellman
Jeffrey B. Ellman