UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
In re                                                : Chapter 11
                                                     :
DANA CORPORATION, et al.,                            : Case No. 06-10354 (BRL)
                                                     :
                              Debtors.               :
---------------------------------------------------------------X

## MEMORANDUM DECISION AND ORDER
## DENYING MOTION FOR RECONSIDERATION

Carl Munsey seeks reconsideration (the "Motion") of this Court's previous order of October 9, 2007 disallowing claim number 14414 (the "Claim"). The reorganized debtors, as successors to Dana Corporation and its affiliates ("Dana"), object to the Motion arguing that it fails to meet the requirements of Rules 59 and 60 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court finds that the Motion does not sufficiently meet the requirements of Rule 60 of the Federal Rules of Civil Procedure and is, therefore, denied.

### BACKGROUND

On September 29, 2006, Mr. Munsey, a Dana employee, filed the Claim against Dana, seeking (1) damages of $10,000,000 for alleged harm related to his exposure to secondhand smoke in the workplace and (2) reimbursement for the purchase price of 121 shares of Dana common stock that Mr. Munsey claims to have owned. Importantly, Mr. Munsey has not proven actual health damages, but only the possibility of future injury from secondhand smoke.[1] Mr. Munsey also requested relief from any retaliation by Dana on account of his Claim and for protection of his pre-petition employment benefits. On August 24, 2007, Dana objected to the Claim pursuant to the Third Omnibus Objection of Debtors and Debtors in Possession Seeking to

---

[1] In support of his contingent claim for personal injury from secondhand smoke, Mr. Munsey only submitted the reports of the United States Surgeon General stating the dangers of cigarette smoke and a copy of the Dana employee handbook that instructed employees on the appropriate smoking locations at work.

1

Disallow Certain Claims for Which There Is No Liability [Docket No. 6021] (the "Omnibus Objection"), where it disclaimed liability to Mr. Munsey in connection with the Claim.

On September 18, 2007, Mr. Munsey filed a response in opposition to the Omnibus Objection [Docket No. 6253],[2] which essentially restated and resubmitted the same arguments set forth in the Claim. On September 28, 2007, Dana filed a reply [Docket No. 6317], asserting that the Court should disallow and expunge the Claim because neither the Claim nor Mr. Munsey's response identified or supported a legally cognizable cause of action by which Mr. Munsey could be entitled to relief against Dana. Dana's argument focused on Mr. Munsey's failure to allege that (1) Dana owed Mr. Munsey a duty; (2) that Dana breached its duty to Mr. Munsey; and (3) that Mr. Munsey had suffered harm from a breach of duty.

On October 3, 2007, the Court heard oral argument on the Claim and the Omnibus Objection. At the hearing, the Court granted Dana's Omnibus Objection and entered an order dismissing the Claim on October 9, 2007 [Docket No. 6496] (the "October 9 Order").

On October 29, 2007, Mr. Munsey filed the Motion seeking reconsideration of the October 9 Order. Instead of filing the Motion with new evidence or subsequent factual support, Mr. Munsey re-filed the same affidavit of Travis Bane that he previously submitted with his original Claim. The sole purpose of the affidavit it seems was to state that Mr. Munsey and others work in close proximity to people who smoke at one of Dana's plants. On February 22, 2008, Dana filed its response to the Motion (the "Response"), arguing that the Motion failed to satisfy the standard for reconsideration under either Rules 59 or 60(b) of the Federal Rules of Civil Procedure.

---

[2] The precise title of Mr. Munsey's Response is as follows: "Response and Evidence That Proves the Debtors Dana Corporation['s] Liability Is Supported by Debtors' Own Actions an[d] Employee Handbook."

2

**DISCUSSION**

Motions for reconsideration of a claim filed in bankruptcy are governed by section 502(j) of title 11 of the United States Code (the "Bankruptcy Code"). "The Bankruptcy Court is given broad discretion to reconsider allowance or disallowance of proofs of claim under 11 U.S.C. § 502(j) 'for cause.'" *Pleasant v. TLC Liquidation Trust* (*In re Tender Loving Care Health Care Servs.*), 377 B.R. 798, 803 (E.D.N.Y. 2007); *In re Enron Corp.*, 352 B.R. 363, 367 (S.D.N.Y. 2006) ("[B]ankruptcy court's discretion in deciding whether to reconsider a claim is virtually plenary....") (citing Fed. R. Bankr. P. 3008). In addition, Rule 9024 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") provides that "reconsideration motions in the bankruptcy court are governed by Rule 60(b)" of the Federal Rule of Civil Procedure.[3] *In re Tender Loving Care*, 377 B.R. at 803. "Rule 60(b) provides a procedure for asking a district court to relieve parties from the operation of judgments that, *inter alia*, are undermined by newly available evidence, have been previously satisfied, or result from mistake, fraud, or misconduct." *Cody, Inc. v. Woodbury*, 179 F.3d 52, 56 (2d Cir. 1999); *In re Spiegel, Inc.*, No. 03-11540 (BRL), slip op., 2007 WL 1080190, at *4 (Bankr. S.D.N.Y. Apr. 4, 2007) (same).

Rule 60(b) of the Federal Rules of Civil Procedure "should be broadly construed to do substantial justice, yet final judgments should not be lightly reopened." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986) (internal citations omitted); *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001) ("A motion for relief from judgment is generally not favored and is properly granted only upon a showing of exceptional circumstances"); *Daniggelis v. Eastern Airlines, Inc.* (*In re Ionosphere Clubs, Inc.*), 103 B.R. 501, 203 (Bankr. S.D.N.Y. 1989)

---

[3] Mr. Munsey also claims Rule 59 of the Federal Rules of Civil Procedure governs the present Motion, which requires that any motions for reconsideration be filed within ten days of the entry of judgment. Mr. Munsey, however, filed his Motion more than ten days after the judgment. Accordingly, the Court will only consider Rule 60(b).

3

("Federal Rule 60(b) is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstance."). The burden is on the moving party to demonstrate the basis for relief. *In re Crozier Bros., Inc*, 60 B.R. 683, 688 (Bankr. S.D.N.Y. 1986) (holding that Rule 60(b) does not authorize a re-litigation on the merits unless one of the enumerated grounds for relief under Rule 60 is established). In addition, the moving party may not advance new facts, issues or arguments not previously presented to the court. *Sequa Corp. v. GBJ Corp.*, 156 F.3d. 136, 144 (2d Cir. 1998). Having failed once to make out a prima facie case, a party "may not re-litigate old matters or present its case under a different theory and get yet another bite at the apple." *In re Crozier Bros., Inc.*, 60 B.R. at 689.

Mr. Munsey fails to allege any clear errors or injustice, newly discovered evidence or change in controlling law, and therefore states no grounds for relief under Rule 60(b). Mr. Munsey merely asserts that he is entitled to reconsideration due to the existence of Rule 60(b) without filing any new evidence; when in fact, he has only re-filed the same affidavit previously filed with his original Claim. Clearly, affidavits previously considered by the Court do not constitute "newly available evidence" that would cause this Court to rule any differently on Mr. Munsey's underlying Claim. *See Tyson v. New* York, 81 Fed. Appx. 398 (2d Cir. 2003) (Movant was not entitled to relief under Rule 60(b) where documents produced during discovery and available to moving party prior to filing motion for summary judgment did not constitute "newly available evidence"); *Gibson v. Wise*, 331 F. Supp. 2d 168, 169 (E.D.N.Y 2004) (refusing to grant relief under Rule 60(b) where movant failed to identity any "newly discovered evidence" but rather simply set forth the same arguments initially raised in complaint); *Neal v. Peerless Elec.*, 01-CV-4852, 2004 WL 1810329, *2 (E.D.N.Y Aug. 12, 2004) (same). In sum, Mr.

4

Munsey has failed to demonstrate the existence of exceptional circumstances sufficient to warrant the extraordinary relief provided by Rule 60(b).

While Mr. Munsey had requested a hearing date on the Motion, Local Rule 3008-1 permits the Court to rule on motions for the reconsideration of claims without oral argument.[4]

## CONCLUSION

Accordingly, for the reasons set forth above, the Motion is hereby DENIED.

IT IS SO ORDERED.

Dated: New York, New York
       March 17, 2008

/s/ Burton R. Lifland
UNITED STATES BANKRUPTCY JUDGE

---

[4] Local Rule 3008-1 states, in pertinent part, that "No oral argument shall be heard on a motion to reconsider an order of allowance or disallowance of a claim unless the Court grants the motion and specifically orders that the matter be reconsidered upon oral argument…."

5