**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------x
In re:                                                    :    Chapter 11
                                                          :
Dana Corporation, et al.                                  :    Case No. 06-10354 (BRL)
                                                          :    (Jointly Administered)
                    Debtors,                              :
------------------------------------------------------x

# MEMORANDUM DECISION AND ORDER
# DENYING INFORMAL/LATE-FILED PROOF OF CLAIM

Before the Court is a motion filed by Mr. Wesolowski (the "Movant") seeking an order allowing him to amend an "informal proof of claim" or alternatively, to allow a late filed proof of claim. The Movant is a plaintiff in a personal injury action filed on February 26, 2006, in the Maricopa Superior Court in Arizona (the "State Court Action"). Movant's complaint in the State Court Action alleges that he was injured in an accident involving a boiler system with component parts, some of which were manufactured by Dana Corporation ("Dana" and together with its affiliated companies the "Debtors" or the "Reorganized Debtors"), and some by other manufacturers. The State Court Action seeks to recover damages from 25 named and unnamed defendants, including Dana. The Reorganized Debtors object.

**BACKGROUND**

On March 3, 2006 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). On May 8, 2006, Movant served the Debtors with the complaint (the "Complaint") in the State Court Action. Upon receipt of the Complaint, the Debtors filed a Notice of Suggestion of Pendency of Bankruptcy and Automatic Stay of Proceedings against the Debtors with the Arizona Court on May 24, 2006.

1

On July 19, 2006, this Court entered an Order Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof (the "Bar Date Order") setting a general bar date of September 21, 2006 (the "Bar Date"). Between August 2 and August 7, 2006, the Debtors served two copies of the notice of the bar date (the "Bar Date Notice") on Movant's attorney for the State Court Action. The address of Movant's attorney was the only address the Debtors had for Movant. Movant's attorney contends that although his office received the notice, he did not see or understand that he needed to file a proof of claim on behalf of Movant. However, on August 11, 2006, Movant, through his attorney, filed a motion for relief from the automatic stay (the "Stay Motion") to allow him to proceed with the State Court Action. The Motion specifically disclaimed any intent to seek recovery from the Debtors' estates instead limiting recovery to the Debtors' available liability insurance. After learning that the Debtors were self-insured for the first $1 million of liability, Movant withdrew his Stay Motion on November 27, 2006.

On December 26, 2007, this Court entered an order confirming the Debtors' Third Amended Joint Plan of Reorganization of Debtors and Debtors in Possession (the "Plan"). On January 31, 2008, the Plan became effective and the Debtors emerged from chapter 11.

On June 5, 2008, Movant filed this motion seeking an order deeming his withdrawn Stay Motion an informal proof of claim and allowing Movant to amend it. In the alternative, Movant seeks allowance to file a late proof of claim, claiming that his failure to file a timely proof of claim was a result of excusable neglect.

The Reorganized Debtors maintain that the Stay Motion cannot be considered an informal proof of claim. First, because it was withdrawn and may not be amended and, second, the motion specifically stated that the Movant was not seeking to collect from the Debtors estate

but only from the available liability insurance. Moreover, the Stay Motion failed to state the amount sought to be recovered. Additionally, the Reorganized Debtors argue that Movant's motion to file a late proof of claim should be denied because the justifications offered for not filing a timely proof of claim do not constitute excusable neglect.

**DISCUSSION**

*Claims Bar Date*

The claims allowance process is an integral component of the court's equitable power to restructure debtor-creditor relationships. *In re Dana Corp.*, Case No. 06-10354 (BRL), 2007 WL 1577763, *3 (Bankr. S.D.N.Y. 2007) (citing *In re Best Products Co., Inc.,* 140 B.R. 353, 356 (Bankr. S.D.N.Y. 1992)) (citations omitted). "Nothing is more directly at the core of bankruptcy administration ... than the quantification of all liabilities of the debtor." *See S.G. Phillips Constrs., Inc. v. City of Burlington (In re S.G. Phillips Constrs., Inc.),* 45 F.3d 702, 705 (2d Cir. 1995); *see also In re CBI Holding Co.*, 529 F.3d 432, 2008 WL 2405702 at *24 (2d Cir. June 16, 2008) (Determining whether a creditor may collect from a debtor's estate is one of the most elemental of all core bankruptcy functions.); *First Fidelity Bank, N.A. v. Hooker Invs. Inc. (In re Hooker Invs., Inc.)*, 937 F.2d 833, 840 (2d Cir. 1991) ("[A] bar order does not function merely as a procedural gauntlet, but as an integral part of the reorganization process.")

Under chapter 11 of the Bankruptcy Code, certain claimants against an estate must file proofs of claim in order to participate in the reorganization. Fed. R. Bankr. P. 3003(c). After the passage of the bar date, whatever date that may be pursuant to order of the court, the claimant cannot participate in the reorganization unless he establishes sufficient grounds for the failure to file a proof of claim. *In re Best Products Co., Inc.,* 140 B.R. at 357, (citing *Certified Class in Charter Sec. Litig. v. Charter Co. (In re Charter Co.)*, 876 F.2d 866 (11th Cir. 1989). In chapter

3

11, a known creditor must receive proper, adequate notice before its claim is forever barred. *In re Best Products Co., Inc.*, 140 B.R. at 357. Thus, except when a known creditor is not listed on the schedules and hence fails to receive notice of the bar date, the bar date is strictly enforced. *Id.* (citing *Wright v. Placid Oil Co.*, 107 B.R. 104, 106 (N.D. Tex. 1989); *see also In re Hooker Invs., Inc.*, 937 F.2d at 840 ("If individual creditors were permitted to postpone indefinitely the effect of a bar order ... the institutional means of ensuring the sound administration of the bankruptcy estate would be undermined.").

### *Informal Proof of Claim*

Courts have long recognized the concept of informal proofs of claim where a creditor evidences intent to state a claim against an estate, but where the filings fail to conform to the technical requirements of a proof of claim. *See In re M.J Waterman & Assoc.*, 227 F.3d 604, 608 (6th Cir. 2001); *In re Operation Open City, Inc.*, 148 B.R. 184, 189 n. 5 (Bankr. S.D.N.Y. 1992) (noting that courts in the Second Circuit have recognized the concept of informal proofs of claims). Whether a filed document constitutes an informal proof of claim depends upon whether it makes a demand upon the estate and expresses an intent to hold the estate liable. *See In re Fink,* 366 B.R. 870, 878-79 (Bankr. N.D. Ind. 2007) (citations omitted); s*ee also Wilkens v. Simon Brothers, Inc.,* 731 F.2d 462, 465 (7th Cir. 1984) ("The general rule is that a claim arises where the creditor evidences an intent to assert its claim against the debtor. Mere knowledge of the existence of the claim by the debtor, trustee or bankruptcy court is insufficient."). Stated another way, the question is whether the supposedly informal proof of claim asserts a claim against the estate and an intent to share in a distribution of its assets. *Donovan Wire & Iron,* 822 F.2d 38, 39 (8th Cir. 1987); *see also In re International Horizons, Inc*. 751 F.2d 1213, 1217 (5th Cir. 1985) ("[M]ere notice of a claim alone is not to be called an informal proof of

4

claim and does not excuse the absence of a proper timely proof which the law requires. An informal claim may be asserted, if it can be at all, only when it is apparent that the creditor intends to seek recovery from the estate and when the informal proof of claim is 'filed' prior to the bar date."). *In re Fink* 366 B.R. at 878-79 (An informal proof of claim must "contain a demand against the estate or indicate an intent to hold the estate liable and a desire to receive payment from the estate through the bankruptcy process …").

Thus, in order to qualify as an informal proof of claim, a filing must meet four criteria. The filing must:

> (1) have been timely filed with the bankruptcy court and have become part of the judicial record;
> (2) state the existence and nature of the debt; and
> (3) state the amount of the claim against the estate, and
> (4) evidence the creditor's intent to hold the debtor liable for the debt.

*In re Enron Corp.*, 370 B.R. 90, 99 (Bankr. S.D.N.Y. 2007) (citing *Houbigant, Inc. v. ACB Mercantile, Inc. (In re Houbigant, Inc.)*, 190 B.R. 185, 187 (Bankr. S.D.N.Y. 1995).

Accordingly, a motion to lift the stay may be considered an informal proof of claim where the motion sufficiently states "an explicit demand showing the nature and amount of the claim against the estate and evidences an intent to hold the debtor liable." *In re Pizza of Hawaii, Inc.*, 761 F.2d 1374, 1382 (9th Cir. 1985) (citing *In re Sambo's Restaurants, Inc.,* 754 F.2d 811, 816 (9th Cir.1985)); *see also In re Charter Co.*, 876 F.2d 861, 863-64 (11th Cir.1989) (holding that a motion for relief from the automatic bankruptcy stay to pursue a tort claim constitutes an informal proof of claim where the motion demonstrated a clear intent to hold the debtor liable.). Where a motion for relief from stay fails to set forth an intent to seek recovery from the debtor's estate it will not constitute an informal proof of claim. *See In re Glick*, 136 B.R. 654, 657 (Bankr. W.D. Va.1991) (motion for relief from stay held not an informal proof of claim where it

5

contained no explicit intention to hold the bankruptcy estate liable for any unsecured claim it might have against the debtor and no explicit or implicit claim for a right to participate in the distribution of the assets of the estate); *In re Mitchell*, 82 B.R. 583, 586 (Bankr. W.D. Okl. 1988) (Creditor's motion for relief from stay failed as an informal proof of claim because the motion "does not indicate an intent to seek any distribution from the estate.")

Here the Movant's Stay Motion fails to satisfy the requirements for recognition of an informal proof of claim. First, it did not evidence any intent to recover from the Debtors' estates. *C.f. In re Fink*, 366 B.R. at 878 (suggesting that the proper inquiry when determining whether a creditor intends to hold the debtor liable for a claim is "whether the supposedly informal proof of claim asserts a claim against the estate and an intent to share in a distribution of its assets."). The Stay Motion actually did just the opposite - Movant expressly disclaimed seeking any recovery against the Debtors and purported to limit any recovery to liability insurance. Moreover, Movant voluntarily withdrew the Stay Motion leaving nothing before the Court to amend. *In re Gateway Inv. Corp.,* 114 B.R. 784, 786 (Bankr. S.D. Fla. 1990) ("The minimum requirement for amendment is that there must be something timely filed with the bankruptcy court capable of being amended before the court will permit a party to file an amended proof of claim.") Although noticed with the Bar Date and supplied with claim forms, the opportunity to express the necessary intent to share in a distribution or recovery from the Debtors' estates was ignored (see following discussion). Accordingly, the request to deem the Stay Motion as an informal proof of claim is denied.

*Excusable Neglect*

Movant, in the alternative, seeks to file a late proof of claim pursuant to Federal Rule of Bankruptcy Procedure 9006(b)(1) which provides the court with discretion to allow a late-filed

6

proof of claim "where the failure to act was the result of excusable neglect." Only if a creditor can show excusable neglect may the court permit a late-filed proof of claim. *Pioneer Inv. Servs. Co. v. Brunswick Ass'n. Ltd. P'ship*, 507 U.S. 380, 382-83 (1993).

The Supreme Court's decision in *Pioneer* set forth four factors that must be considered when contemplating a motion to allow a late-filed proof of claim under Rule 9006(b). Those factors include:

> (1) the danger of prejudice to the debtor,
> (2) the length of the delay and its potential impact on judicial proceedings,
> (3) the reason for the delay, including whether it was within the reasonable control of the movant, and
> (4) whether the movant acted in good faith.

*In re Pioneer*, 507 U.S. at 395.

The burden of proving excusable neglect lies with a movant seeking to file a late proof of claim. *In re Enron Corp.*, 419 F.3d 115 (2d Cir. 2005). The Second Circuit has "taken a hard line" in applying the *Pioneer* test. *Id.* at 122. In the Second Circuit, all of the Pioneer factors are considered relevant, but the most important factor is the third- the reason for the delay in filing a proof of claim. *Id.*

### *Reason for the Delay*

Movant asserts that his delay in filing a proof of claim until approximately 21 months after the Bar Date was the result of the Reorganized Debtors failure to serve the Bar Date Notice on him personally. Movant claims that serving two copies of the Bar Date Notice on his state court attorney was insufficient because the Bar Date Order provided that the Reorganized Debtors serve notice on potential creditors and their attorneys. Further, Movant claims that either clerical oversight or his attorney's failure to recognize the implications of the Bar Date Notice resulted in the notice being filed away without any action being taken.

7

Here, Movant and his attorney had actual notice of the bankruptcy and participated in the bankruptcy case by filing and withdrawing the Stay Motion. The Stay Motion included a memorandum of law setting forth the points and authorities supporting the requested relief demonstrating knowledge of bankruptcy law. After determining that the Movant would not be able to recover from the insurance proceeds, Movants attorney filed a second pleading with this court withdrawing the Stay Motion without prejudice. Notice of the Bar Date was served on Movant's <u>attorney because the attorney's address was the only address provided by either Movant or his attorney</u>. *See In re Eagle Bus Mfg., Inc.*, 62 F.3d 730, 736 (5th Cir. 1995) ("The creditor is responsible for notifying the debtor, trustee, or the court of any changes in her mailing address to guarantee that she be given reasonable notice.") (citing *Mackie v. Production Oil Co.*, 100 B.R. 826, 828 (N.D. Tex. 1988); *In re Solvation, Inc.,* 48 B.R. 670, 673 (Bankr. D. Mass. 1985); *cf. In re Auto-Train Corp.,* 57 B.R. 566, 567-68 (Bankr. D.D.C. 1986) (claimants' failure to advise the court or the trustee of their current addresses constituted waiver of the right to receive notice of the trustee's objections to the claim).

The Complaint in the State Court Action states only that Mr. Wesolowski is a resident of Maricopa County and does not provide an address other than that of his state court attorney. The Debtors, having been provided with no other address, properly served the Bar Date Notice on Movant at the address of his attorney.

Moreover, the Bar Date Notice, which was approved by this Court, prominently displayed the heading: "NOTICE OF DEADLINES FOR FILING PROOFS OF CLAIMS (GENERAL BAR DATE IS SEPTEMBER 26, 2006 AT 5:00 P.M., ET)" and was drafted to be understood by lawyers and nonlawyers alike. The Notice provided clear instructions explaining who was required to file a proof of claim by the Bar Date. Both copies of the Bar Date Notice

8

referred to the Movant by name and <u>one also referred to the State Court Action by its case number</u>.  *Cf. Pioneer*, 507 U.S. at 398 (a bar date order "must be prominently announced and accompanied by an explanation of its significance" so that it may be easily understood).  Oversight on the part of Movant's state court attorney does not amount to excusable neglect.  *See Pioneer*, 507 U.S. at 392 ("inadvertence, ignorance of the rules, or mistake construing the rules do not usually constitute 'excusable' neglect" when considering whether to accept late filings.")  Likewise, office mix-ups, clerical mistakes, and failure to follow office procedures do not generally constitute excusable neglect.  *Marks Mgmt. Servs. v. Reliant Mfg.*, 74 Fed. Appx. 493 (6th Cir. 2003) (clerical error did not constitute excusable neglect); *In re Musicland Holding Corp.*, 356 BR 603 (Bankr. S.D.N.Y. 2006) (apparent miscommunication between attorney and staff did not constitute excusable neglect); *see also In re Kmart Corp.*, 381 F3d 709 (7th Cir. 2004), *cert. den.* 125 S. Ct. 933 (2005) (refusing to find excusable neglect where, among other mistakes, the creditor's attorney delegated mailing responsibilities to office clerk and took no steps to follow up with clerk to ensure that proper procedures were used.)  Accordingly, the Movant's failure to file a timely proof of claim was entirely within his and his attorneys' reasonable control and does not constitute excusable neglect.

*Length of the Delay*

Movants delay in seeking to participate in the Debtor's estate is not reasonable.  Movant received notice of these chapter 11 cases over two years ago.  The Bar Date occurred 21 months ago and the effective date of the Plan occurred nearly 5 months ago.  *See Midland Cogeneration Venture L.P. v. Enron Corp. (In re Enron Corp.)*, 419 F.3d 115 (2d Cir. 2005) (despite no plan being confirmed, six month delay was unreasonable); *Hefta v. Official Comm. of Unsecured*

9

*Creditors (In re Am. Classic Voyages Co.)*, 405 F.3d 127 (3d Cir. 2005) (5 month delay unreasonable); *In re Kmart Corp.*, 381 F.3d 709 (one day delay not allowed).

### *Danger of Prejudice to the Debtor*

Movant also asserts that no prejudice to the Debtors will result from allowing him to file a late proof of claim. Movant claims that the Debtors must have "assumed Movant's participation in the distribution," because the Plan was filed "after the Debtor had notice of the existence of the Movant's[] claim." He further contends that because the Debtors will be able to contest his proof of claim and because the plan provides a "pot" of funds for pro rata distribution to unsecured creditors, the Debtors will not be prejudiced. However, Movant's voluntary withdrawal of his Stay Motion and his subsequent failure to file a proof of claim evidenced just the opposite- that is that he did not intend to seek recovery from the estate. *Cf. In re Pappalardo*, 210 B.R. 634 (Bankr. S.D. Fl. 1997) (Debtor did not provide any information, directed toward the creditor or its attorney, about the claims bar date and court determined that the debtor would not be prejudiced by the filing of the creditor's claim because it had known about the potential claim and the initial plan had included information about the potential of the creditor's claim when voted on by creditors).

Moreover, more than 15,000 claims have been filed in theses cases, some of which this Court has already disallowed and expunged as being late-filed. Permitting the Movant to pursue his claim at this late juncture would be unfair to those claimants and the many thousands of claimants who respected the Bar Date and would potentially open a floodgate of other late claimants seeking the same relief. *See In re Kmart Corp.*, 381 F.3d 709, 714 (7th Cir. 2004) (recognizing that allowing all late filed proofs of claims that resulted from "innocent mistake" could result in "a mountain of such claims and the resulting prejudice to debtors); *accord In re*

*Enron Corp*, 419 F.3d at 130 (recognizing the potential of a "flood of similar claims" as a factor in analyzing prejudice to the debtor in excusable neglect cases); *In re Wigoda* 234 B.R. 413, 416-17 (Bankr. N.D. Ill., 1999) ("Allowing the Creditors to have three bites at the apple would be prejudicial to those creditors that properly filed their proofs of claim and are waiting for their distribution from the estate.  Allowing the adversary complaint to serve as an informal proof of claim and granting leave to amend would prejudice the creditors of the estate by reducing the dividend from the estate.").

Throughout the negotiation and confirmation of the Plan, one critical issue for key investors and stakeholders was that general unsecured claims be below a certain threshold amount in order for any plan submitted by the Debtors to go effective.  This Plan provision required adherence to a claims bar date and significant negotiations with creditors to keep the amount of unsecured claims asserted against the Debtors below the threshold.  Based on the amount of unsecured claims asserted prior to the Claims Bar Date, the Debtors were able to confirm their Plan, which became effective on January 31, 2008.  *See In re Drexel Burnham Lambert Group, Inc.*, 148 B.R. 1002, 1007 (S.D.N.Y.1993) ("acceptance of a substantial late claim after consummation of a vigorously negotiated claims settlement and Plan of Reorganization thereon and a distribution of a major part of the assets thereunder, would disrupt the economic model on which the creditors, the Debtors and the stockholders reached their agreements").

The prejudice is further compounded in this case because a significant amount of the consideration reserved for holders of general unsecured claims already has been distributed.  *See ie, In re Cable & Wireless USA, Inc.*, 338 B.R. 609, 614-15 (Bankr. D. Del. 2006) (considering the reduced funds available to other unsecured creditors a prejudicial factor in when determining

whether to allow a late filed claim); *In re Agway, Inc.*, 313 B.R. 31, 29-30 (Bankr. N.D.N.Y. 2004) (stating that a "payment from the Debtors' estates would deplete the pool of funds available for distribution to unsecured creditors who timely filed proofs of claim in this case, as would also the allowance of the claim of the Debtors' insurer for funds paid beyond the policy amount. The Court finds this scenario prejudicial to the Debtors, especially given that a plan that does not account for this litigation has already been filed.").

*Good Faith*

The Reorganized Debtors do not claim that Movant has not acted in good faith. However, the significant delay in the filing of Movant's proof of claim, the prejudice to the Reorganized Debtors, their creditors and estates and the failure of the Movant to demonstrate a sufficient reason for the delay do not constitute excusable neglect.

**Conclusion**

For all of the foregoing reasons, the Movant's motion is denied.

IT IS SO ORDERED.

Dated:  July 23, 2008
        New York, New York

                                          __/s/ Burton R. Lifland_____
                                          United States Bankruptcy Judge